McGEORGE CORPORATION et al. v. STATE INDUSTRIAL CORPORATION et al.

No. 27770. May 25, 1937.

Rehearing Denied June 22, 1937.

Jameson, Gray & McMahon, for petitioners.

Tom G. Drake, Major J. Parmenter, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by McGeorge Corporation and its insurance carriers, as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of the respondent Roy Lynch. We will hereafter refer to the parties as petitioners and respondent, unless a more explicit designation is required.

The sole grounds assigned for the vacation of the award are: First, the injury did not arise out of and in the course of employment; second, the respondent was not engaged in a hazardous employment at the time of his injury. We will discuss these in their order.

The essential facts may be briefly stated as follows: McGeorge Corporation was engaged in the construction of a pipe line at a point some six or seven miles distant from Drumright, Okla. The respondent was in their employ as a pipe liner working on this job, being paid on an hourly basis. His work was purely manual and mechanical and his time commenced when he arrived at the job and ended when he left it. He was not paid for the time consumed in going

to and coming from his work. McGeorge Corporation had either an express or implied agreement with its employees to transport them to and from their place of labor and maintained two trucks which were equipped for and used in the transportation of men and material and which trucks were under the direct control, supervision, and operation of the petitioner McGeorge Corporation. The employees were free to accept or decline such transportation. However, the record shows that it was used by a considerable number of employees. On the date of the accident here involved the respondent had reported for duty at the warehouse of the petitioner in Drumright and had assisted in loading one of the trucks and was being transported on said truck, together with other employees, to the place of actual operations when the truck overturned a short distance from its destination with the resulting injury to the respondent.

The decision in this case, therefore, depends upon the effect of the agreement on the part of the McGeorge Corporation to transport its employees as an incident to their employment. This court has not had occasion heretofore to pass upon the precise point here involved. We find that a negative state of facts was presented, however, in the case of Mead Bros. v. State Ind. Commission, 144 Okla. 279, 291 P. 571, and therein this court said:

"In the absence of an agreement, express or implied, to transport an employee to the place of work, the employer is not responsible for an injury sustained by the employee in traveling to the place of work."

Inferentially, a converse situation would impose liability upon the employer. Such has been the holdings of the British and American courts in a multitude of cases. Donovan's Case, 217 Mass. 76, 104 N. E. 431, Ann. Cas. 1915C, 778, 4 N. C. C. A. 549; Littler v. Geo. A. Fuller Co., 223 N. Y. 369, 119 N. E. 554; Scalia v. American Sumatra Tobacco Co., 93 Conn. 82, 105 Atl. 346; Littlefield's Case (Me.) 136 Atl. 724; Sylcox v. Nat. Lead Co. (Mo.) 38 S. W. (2d) 497, are some of the leading American cases and are directly in point. In Littlefield's Case, supra, it is said:

"It is now generally held that where transportation is furnished by an employer as an incident of the employment, an injury suffered by the employee while going or coming in the vehicle furnished by the employer and under his control, arises out of and is within the course of the employment."

The facts place the cases of Southern Surety Co. v. Cline, 149 Okla. 27, 299 P. 139, and Oklahoma Gas & Electric Co. v. Stout, 179 Okla. 312, 65 P. (2d) 477 ('and the cases discussed in the latter), in a different category from that here presented. As said in Chicago Pneumatic Tool Co. v. McGrew, 178 Okla. 439, 440, 63 P. (2d) 749, 750, after quoting from Indian Territory Illuminating Oil Co. v. Lewis, 165 Okla. 26, 24 P. (2d) 647:

"A injury 'arises out of' the employment when it results from a risk reasonably incident to the employment (Natol v. Booth & Flinn Co., 139 Okla. 103, 281 P. 264); and an injury is received in the course of employment when it comes while the workman is doing the duties which he is employed to perform (Consolidated Pipe Line Co. v. Mahon, 152 Okla. 72, 3 P. (2d) 844). The Workman's Compensation Law is for the protection of the workers engaged in certain businesses and industries and was intented to cover the hazards incident to such employments and nothing more. When a worker is injured while so employed and the injury arises out of and in the course of such employment, the provisions of the law should be liberally construed in his favor."

Applying the rule of law announced in the above-cited cases to the facts here presented, we are of the opinion that the injury of the respondent arose out of and in the course of his employment, and that the State Industrial Commission correctly so held.

The remaining contention of the petitioners, to the effect that the respondent was not engaged in a hazardous employment at the time of his injury, is so patently untenable that it requires very little discussion. Manifestly the respondent was not in position to engage in any active duty at the time and place his injury occurred. His work was purely manual and mechanical and his employer was engaged in hazardous employment as defined by the Workman's Compensation Law. Under these circumstances the applicable rule is found in Petroleum Chemical Corp. v. State Ind. Com., 154 Okla. 67, 68, 6 P. (2d) 775, 776, wherein this court said:

"Where a claimant was performing manual labor in a hazardous employment as an employee when injured, and the injury arises out of and in the course of the employment, he is entitled to compensation for the disability sustained. in the absence of a showing that the employment did not

come within the provisions of the Workmen's Compensation Act."

The record presents no error. Award sustained.

OSBORN, C. J., BAYLESS, V. C. J. and BUSBY, PHELPS, and GIBSON, JJ., concur.