FORD et al. v. HOLT.

No. 30490. June 16, 1942.

Rehearing Denied Dec. 1, 1942.

*131 P. 2d 67.*

Pierce & Rucker and Clayton B. Pierce, all of Oklahoma City, for plaintiffs in error.

McCollum & McCollum, of Pawnee, for defendant in error.

BAYLESS, J. Jack Kenneth Holt, a minor, by R. L. Holt, his next friend, sued F. D. Ford and F. D. Ford Construction Company in the district court of Pawnee county to recover damages resulting from injuries sustained by the minor through the alleged negligence of the defendants. The jury returned a verdict for the minor, and the defendants appeal.

The defendants present two propositions here, and we think that it is necessary to discuss them together. These propositions read:

"Proposition One: Where it is sought to hold one person responsible for the tort committed by another, it must be made to appear by competent evidence that the relationship of principal and agent, or that of master and servant existed between them at the time the tort was commited, and, in addiion, that the tortious act complained of was committed in the course of the employment of the servant, or was within the scope of the agency.

"Proposition Two: The court had no jurisdiction over the subject-matter of the action which was, exclusively, within the jurisdiction of the State Industrial Commission under the Workmen's Compensation Law."

The plaintiff pleaded, his counsel stated in the opening argument, and the evidence of both parties disclosed, that plaintiff worked for defendants in the erection of a bridge, that the bridge was located a few miles from the town where plaintiff lived and the plaintiff was bound to furnish his own transportation to and from the scene of the work, and his employers, the defendants herein, were expressly absolved from any responsibility to furnish transportation to and from the place of work. The evidence of all of the parties conclusively establishes that the employment furnished by the defendants and performed by the plaintiff was hazardous within the meaning of the Workmen's Compensation Law, 85 O. S. 1941 §§ 2 and 3.

The evidence of both parties seems to agree with respect to the facts out of which the accident arose. On the day in question, after plaintiff had ceased his labors and had returned to his own home and was about to retire for the night, an employee of the defendants (especially charged with this duty) came to plaintiff's home and advised him that defendants desired him to return to the job and to perform certain additional work that night with other employees recruited for the occasion. This employee was the son of defendants' foreman or superintendent, and there is sufficient evidence in the record to show that this employee was himself a foreman or subforeman and exercised some degree of supervision and control over the workmen. As stated before, it is admitted by all parties that this particular employee was charged with the expressed duty of recruiting these men for the extra work on the job on the night in question.

When the desire of the defendants that plaintiff return to the work was communicated to the plaintiff, he did as directed by the subforeman, and rode to the work on the running board of the subforeman's car. En route to the job plaintiff was thrown from the running board of the subforeman's car and sustained serious personal injuries. It is alleged, and there is sufficient evidence to make a jury issue on the point, that plaintiff was thrown from the side of the car through the negligent and careless manner in which the subforeman drove his car.

Plaintiff bases his right to recover from the master, the defendants, upon the theory that the subforeman had implied authority to transport the plaintiff from his home to the scene of the work that night owing to the unusual circumstances of the occasion, and that the rule of respondeat superior arises therefrom.

As has been noted from the proposition stated by the defendants, they first deny the existence of this implied authority and point to the terms of the general contract of employment whereby the defendants were not to furnish transportation at any time; and further assert that if the implied authority of the subforeman authorized him to furnish the plaintiff transportation on this occasion on behalf of the master, and plaintiff was injured in the course thereof, the rule stated in McGeorge Corporation v. State Industrial Commission, 180 Okla. 346, 69 P. 2d 320, and other cases, applies, and the plaintiff's injuries arose out of and in the course of his employment, and as a result the Indus-

trial Commission has jurisdiction of the claim arising therefrom and the district court of Pawnee county was without jurisdiction of the action.

We agree with the defendants' contention.

If the terms of the general contract of employment were in force and effect at the time, then the subforeman had no authority to undertake for the master, at the master's responsibility, to transport plaintiff from his home to the scene of work, and the master would not be responsible for the acts of negligence of the subforeman resulting in injury and damage to the plaintiff.

We are impressed, and agree, with the plaintiff's contention that the circumstances whereunder the subforeman was authorized to recruit these men gave rise to an implied power and authority for the foreman to agree on the part of the master on this occasion to transport these men to the job. The record is entirely silent about any conversation between these parties respecting the terms of the transportation that night from which we could gather any expressed contract. We quote a part of the testimony of the plaintiff, which is corroborated by all other witnesses, to wit:

". . . and I just put my clothes on as quick as I could and went out and he directed me to get on the fender, and we went on back. Q. What, if anything, was said there about where you ought to ride? A. Mr. Nicholson told Gerald, he said, 'Son, you can just sit on my lap, and Jack can get in the car.' Mr. Oliver said, 'No, it won't take us long to get there, he can just hang on the fender.' "

If we were faced with the sole issue of whether all of these circumstances justified a finding of an implied power on the part of Mr. Oliver, the subforeman, to undertake for the master, at the master's responsibility, to haul these men to the work, we would unhesitatingly hold that the evidence is sufficient in law to sustain a finding and judgment that the subforeman had authority to bind the defendants. Otherwise, there would be no liability on the part of the master for the negligent acts of the subforeman.

But having reached this conclusion, we are met with the rule in this jurisdiction that if a master, engaged in business within the purview of the Workmen's Compensation Law, under a contract expressed or implied with the employee, undertakes to furnish to employee transportation to and from the scene of the work and the employee is injured while in the course of such transportation, the injury arises out of and within the course of the employment within the meaning of the Workmen's Compensation Law (85 O. S. 1941 § 1 et seq.).

In this case, if the plaintiff had elected to file his claim with the State Industrial Commission and had shown the same facts and circumstances, it would have been the duty of the State Industrial Commission to apply the rule stated in the McGeorge Case and to have awarded the plaintiff according to the terms of the Workmen's Compensation Law. The fact that the plaintiff has elected to sue in a civil action rather than to file his claim with the State Industrial Commission does not change the rule of law under the record before us. The injured employee has no such election with respect to claims against his master, and if the facts bring the matter within the Workmen's Compensation Law, the courts of Oklahoma are without jurisdiction and the jurisdiction of the State Industrial Commission is exclusive.

The record discloses that the defendants demurred to the plaintiff's petition, demurred to the plaintiff's evidence, and at the close of all of the evidence moved for a directed verdict. Thus they have preserved the record upon this point, and the judgment is reversed, with directions to dismiss the action for want of jurisdiction.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.