R. J. ALLISON, Inc., et al. v. BOLING et al.

No. 30747.  Feb. 9, 1943.

Rehearing Denied March 16, 1943.

134 P. 2d 980.

Clayton B. Pierce and Fred M. Mock, both of Oklahoma City, for petitioners.

Ward & Ward, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

HURST, J.  This is an original proceeding to review an award of the State Industrial Commission. The question for decision is whether the respondent's accidental injury arose "out of and in the course of. his employment," as that expression is used in our Workmen's Compensation Law, 85 O. S. 1941 § 11.

Petitioner R. J. Allison, Inc., was engaged in the trucking business. Respondent Boling was an automobile mechanic in its employ. His regular working hours were from 8 a. m. to 6 p. m. He was paid an hourly wage of 60 cents, and the time for which he was paid began when he punched the clock going in, and ended when he punched it going out of, petitioner's place of business. Boling lived about a mile and a half from the place of business and usually walked to and from his work on the public highway. On July 1, 1941, after his regular work had ceased for the day and he had reached home for the night, he was called by C. L. Smith, who was in charge of petitioner's business in the absence of R. J. Allison, and asked to return to the place of business and repair a truck that had to be sent out by 2 a. m. the next day. Boling testified that he told Smith he was tired and that he had no means of transportation, but would do the work if he would take him to the place of work and bring him home after he had finished, to which, he testified, Smith agreed. Smith denied that he agreed to transport him, but admitted he in fact took him to the place where the

work was done. Boling did the special work, commencing at 8 p. m. and finishing at 11 p. m. Smith did not return or send anyone to take him home. After waiting a few minutes and deciding he was not going to be given transportation home, he started walking home. As he was walking along the highway that he usually traveled, and which he would have traveled if the agreement to transport him home had been observed, he was run into by a drunken motorist and received the injuries complained of. The trial commissioner made an award against the employer and its insurance carrier, which was affirmed on appeal by the State Industrial Commission.

Petitioners and respondent agree that the general rule, sometimes referred to as the "going and coming rule," is that an injury suffered by an employee in going to or returning from his regular place of work does not arise "out of and in the course of his employment" so as to be compensable under the Workmen's Compensation Law. See Indian Territory Illuminating Oil Co. v. Gore, 152 Okla. 269, 4 P. 2d 690; Southern Surety Co. v. Cline, 149 Okla. 27, 299 P. 139; 71 C. J. 712; 28 R. C. L. 804. Petitioners insist that this general rule applies here. Respondent contends that this case is not governed by the general rule (1) because at the time he was injured he was returning from performing a special task, outside his usual working hours, at the request of his employer, and (2) because he was promised transportation to and from his place of work. He urges that under these exceptions to the general rule his employment began when he left home and did not cease until he returned home.

The expression "arising out of and in the course of his employment" is found in many of the Workmen's Compensation Statutes. The difficulty the courts have had in determining what it means and in applying it to varying circumstances may be seen by examining 28 R. C. L. 796-804 and 71 C. J. 642-661, and the footnotes thereto. It

seems to be agreed that the expressions "arising out of" and "in the course of" are not synonymous, the first referring to the origin or cause of the accident and the second to the time, place, and circumstances under which it occurred. Oklahoma Gas & Electric Co. v. Stout, 179 Okla. 312, 65 P. 2d 477; 28 R. C. L. 797; 71 C. J. 644. The first refers to causal connection. Under it "the act being performed by the workman at the time of his injury must be part of the duty he was employed to perform or must be reasonably incidental thereto." 71 C. J. 652. See, also, Stanolind Pipe Line Co. v. Davis, 173 Okla. 190, 47 P. 2d 163. The second requirement is fulfilled when the accident "occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it." 71 C. J. 659. See, also, Stanolind Pipe Line Co. v. Davis, above, and Oklahoma Gas & Electric Co. v. Stout, above.

We are committed to the rule which obtains generally (71 C. J. 311-357; 28 R. C. L. 755-760) that the Workmen's Compensation Law, and the terms used therein, should be liberally construed and applied in favor of the injured workman and his dependents. Griffin v. Holland, 191 Okla. 417, 131 P. 2d 113. It follows that the expression here involved should be liberally construed in favor of respondent, and all reasonable doubt as to its meaning should be resolved in his favor. McGeorge Corporation v. State Industrial Commission, 180 Okla. 346, 69 P. 2d 320; 71 C. J. 644, 647, 671.

The general rule that injuries received by an employee while going to or coming from work are not compensable seems to be based upon the fact that the employment generally begins and ends when the work begins and ends. That there are exceptions to this rule is clear. In Bountiful Brick Co. v. Giles, 276 U. S. 154, 72 L. Ed. 507, 48 S. Ct. 221, 66 A. L. R. 1402, it is said that "the employment may

begin in point of time before the work is entered upon and in point of space before the place when the work is to be done is reached." See, also, Voehl v. Indemnity Ins. Co., 288 U. S. 162, 77 L. Ed. 676, 53 S. Ct. 380, 87 A. L. R. 245. This principle was recognized by this court in Sapulpa Ref. Co. v. State Industrial Commission, 91 Okla. 53, 215 P. 933, where, by agreement, the time of service ran while the employee was going to and from his work.

Bearing in mind these general principles, we now examine the contentions of the parties.

1. In support of the first exception, respondent cites State Compensation Ins. Fund v. Industrial Acc. Commissioner of Cal., 89 Cal. App. 197, 264 P. 514, Kyle v. Greene High School, 208 Iowa, 1037, 226 N. W. 71, and Bocock v. State Board of Education, 55 Idaho, 18, 37 P. 2d 232. We think these cases support the argument of respondent. They involved the Workmen's Compensation Laws of California, Iowa and Idaho, and the facts are very similar to those in the instant case. In the California case the employee was returning home after performing a special task, and in the other cases he was on his way from his home to perform a special task. In each case it was held that the injury arose out of and in the course of the employment. It is clear that the sole reason for Boling's trip was to perform a special task at the request of his employer. The trip to and from the place where the work was performed was a necessary incident to the work of repairing the truck. Coon v. Morton, 189 Okla. 40, 113 P. 2d 192; 71 C. J. 651, § 398.

2. While there is some conflict in the evidence as to whether the employer agreed to furnish transportation to and from the place of work, we believe the State Industrial Commission was justified in finding, and we accordingly assume, that the agreement was made. The general rule, first above stated, does not apply where the employer agrees to, and does, furnish transportation to and from the place of work, as an incident of the employment, and this despite the fact that wages are not paid while the employee is going to and from the place of work. McGeorge Corporation v. State Industrial Commission, 180 Okla. 346, 69 P. 2d 320. See, also, Cary v. State Industrial Commission, 147 Okla. 162, 296 P. 385; Ford v. Holt, 191 Okla. 534, 131 P. 2d 67; 87 A. L. R. 250, note. And since the exception is based upon the fact of the agreement, it is not material that the employer here violated the agreement.

The two exceptions, above discussed, are in harmony with the rule that street or highway accidents are covered by the Workmen's Compensation Law when the employment requires the employee to be upon the street or highway, such as deliverymen, messengers, draymen, and the like. See Pemberton Bakery v. State Industrial Comm., 180 Okla. 446, 70 P. 2d 98; Muskogee Transfer & Storage Co. v. Southern Surety Co. of New York, 170 Okla. 395, 40 P. 2d 1044; Indian Territory Illuminating Oil Co. v. Whitten, 150 Okla. 303, 1 P. 2d 756; 71 C. J. 704-712, 751-756; 28 R. C. L. 804, § 93; 139 A. L. R. 1472, note; 80 A. L. R. 126, note.

We conclude that under the two stated exceptions, the employment commenced when the trip to the place of work started and was not to cease until the return trip had been completed. And in such case "the hazards of the journey may properly be regarded as hazards of the service and hence within the purview of the Compensation Act." Voehl v. Indemnity Insurance Co., above.

It follows that at the time Boling suffered the injuries complained of he was in the employ of R. J. Allison, Inc., and his injuries arose both "out of" and "in the course of" his employment.

Award sustained.

CORN, C. J., and RILEY, OSBORN, and DAVISON, JJ., concur. GIBSON, V. C. J., and BAYLESS, WELCH. and ARNOLD, JJ., dissent.