Mildred Alice SWANSON, for herself and Larry Lynn Swanson, her minor son, Petitioners,

v.

GENERAL PAINT COMPANY, now Glidden Paint Company, and Zurich Insurance Company, Respondents.

No. 38993.

Supreme Court of Oklahoma.

March 21, 1961.

Rehearing Denied May 16, 1961.

S. J. Clendinning, Tulsa, for claimants.

Rhodes, Crowe, Hieronymus & Holloway, Philip N. Landa, Tulsa, for respondents.

JOHNSON, Justice.

Mildred Alice Swanson, widow of Gordon Carl Swanson, hereinafter called claimant or petitioner, filed her claim in the State Industrial Court seeking recovery against the employer, General Paint Company, now Glidden Paint Company, under the Death Benefit Provisions of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq. An award was denied, and on appeal the State Industrial Court en banc affirmed the order denying an award, and this proceeding is brought by the claimant against the employer and its insurance carrier, Zurich Insurance Company, to review the order.

The evidence discloses without substantial dispute that Gordon Carl Swanson, hereinafter called employee, was struck by an automobile at approximately 7:53 a. m., November 19, 1958, and as a result of the accidental injury died the next day. He was an employee of employer, and his hours were from 7:45 a. m. to 4:15 p. m. He had been so employed for more than thirty years.

The buildings and grounds which constituted the plant of the General Paint Company were rented from Sand Springs Home Interest. This landlord rented to several other tenants in the area. For the accommodation of these tenants, the owner had furnished for the convenience of its several tenants and their employees a parking area for the joint use of such parties. This parking area, which was located north of the Sand Springs Road, was in the immediate vicinity of the warehouse of General Paint Company, also located north of the highway. For a number of years prior to the death of Swanson, not only Swanson but many of the employees and officials of

the paint company had parked in such area, obviously with the consent or acquiescence of the company. The evidence shows that at one time the parking area used by Swanson was marked with his name.

On the date of the accident, Swanson had parked his car in said lot as usual, and while going from the parking area to the place of his labor on the south side of the Sand Springs Highway, he was struck by an automobile at his usual place of crossing such highway, from which injury he died, as above stated.

The Industrial Court held that said accident and death did not arise out of and in the course of the employment and denied any award for death benefits.

Claimant contends that such accident did arise out of and in the course of employment.

■■ We must first determine the relation of the parking area to the area occupied by the employer. The rule would seem to be that where the parking lot constitutes a part of an employer's premises, an injury incurred in passing from such area to his working place is incurred out of and in the course of employment. It is necessary therefore to ascertain whether a parking lot used under the conditions shown here constitutes a portion of the employer's premises. The customary definition applied to property owned, leased or controlled by the employer (and, of course, used) is that it be so connected with the business as to form a component part of it. See Flodin v. Henry, 131 Conn. 244, 38 A.2d 801; Crabtree v. Ramsey, Mo.App., 115 S.W.2d 14.

■ It is not necessary that the area be wholly controlled by the employer. In Associated Indemnity Corporation v. Industrial Accident Commission, 18 Cal.2d 40, 112 P.2d 615, 618, in the body of the opinion it is said:

. . "In order that an employee may be considered as upon his employer's premises at the time of the injury it is not necessarily essential that the premises be circumscribed by walls or barriers (Makins v. Industrial Accident Commission, 198 Cal. 698, 247 P. 202, 49 A.L.R. 411); nor that the same be wholly under the control of the employer."

Nor is it necessary that such property be directly owned or controlled by the employer. In Reinert v. Industrial Accident Commission, 46 Cal.2d 349, 294 P.2d 713, 717, in the body of the opinion it is said:

"There is ample authority to support petitioner's contention that an injury is compensable if it results from an activity contemplated by the employment, even though it occurs in a location not directly owned or controlled by the employer."

In the case of Standard Paving Co. v. Newman, 194 Okl. 166, 147 P.2d 983, 985, it appeared that the injury occurred upon a partially completed highway being constructed by the respondent. The accident occurred about four miles from claimant's place of work. The road was used with the knowledge and consent of respondent. The court says in the body of the opinion:

"However, it is generally held that an injury sustained by an employee while going to or from his place of work upon the premises owned or controlled by his employer, is deemed to have arisen out of and in the course of the employment. * * *"

Obviously, the uncompleted highway was not owned and only partially controlled by respondent.

■ In R. J. Allison Inc. et al. v. Boling et al., 192 Okl. 213, 134 P.2d 980, 982, this court said in the opinion:

"We are committed to the rule which obtains generally (71 C.J. 311–357; 28 R.C.L. 755–760) that the Workmen's Compensation Law, and the terms used therein, should be liberally construed and applied in favor of the injured workman and his dependents. * * *"

■ We hold that the parking area in question is a portion of the premises of the respondent.

The injury in this case therefore occurred in going from one portion of the employer's premises to another portion thereof by the usual route. In so doing, it was necessary to cross the Sand Springs highway. Crossing the highway could not be avoided. This constitutes the distinction between the case at bar and that of Novak v. McAlister, Okl., 301 P.2d 234, upon which respondent relies.

We think that the proper rule is that where the only route from one portion of an employer's premises used by the employee to the portion of employer's premises where the labor of employee is performed necessitates the crossing of a highway which is a special hazard, that injury incurred on such highway crossing arises out of and in the course of employment.

99 C.J.S. Workmen's Compensation § 238, p. 851, says:

> "Where there is a special hazard on a normal route used by an employee as a means of entry to, and exit from, his place of work, the hazards of that route under appropriate circumstances become the hazards of the employment."

In considering whether the happening of the injury upon a public highway forbids recovery, the Supreme Court of the United States said in Cudahy Packing Co. of Nebraska v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 154, 68 L.Ed. 366:

> "The fact that the accident happens upon a public road or at a railroad crossing and that the danger is one to which the general public is likewise exposed, is not conclusive against the existence of such causal relationship, if the danger be one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree.
>
>    \*    \*    \*    \*    \*    \*
>
> "An accident arises out of the employment where it results from a risk incidental to the employment, as distinguished from a risk common to all mankind, although the risk incidental to the employment may include a risk common to all mankind."

We therefore hold that Gordon Carl Swanson was killed out of and in the course of his employment. Therefore, the order denying claimants an award as dependents of the deceased employee as compensation under the Death Benefits of the Workmen's Compensation Law is reversed with directions for further proceedings not inconsistent with the views herein expressed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH and HALLEY, JJ., concur.

DAVISON, JACKSON, IRWIN and BERRY, JJ., dissent.