Gloria FUDGE, Petitioner,

v.

UNIVERSITY OF OKLAHOMA and
State Insurance Fund, Respondents.

No. 58089.

Supreme Court of Oklahoma.

June 7, 1983.

Ben A. Goff, Gloyd L. McCoy, Oklahoma City, for petitioner.

William C. Doty, Oklahoma City, for respondent State Ins. Fund.

OPALA, Justice:

▪ The issue presented on certiorari is whether a worker's injury arose out of and in the course of employment. We answer in the affirmative and hold that when an employee must of necessity cross a public street in order to reach his car in the employer-provided parking lot, traffic on that street constitutes an employer-created hazard and injury suffered while crossing it in going to or coming from lunch is deemed to arise out of and in the course of employment.

Gloria Fudge [Claimant] was employed as a secretary by the University of Oklahoma at its physical plant located on the main campus in Norman, Oklahoma. She parked her car in an employer-provided parking lot.[1] In order to reach her office or return to her car, the claimant was required to cross Felgar Street, a public road. On the day of the accident—which occurred during the lunch break as she was walking to her

car—the claimant was struck by a motor scooter while crossing Felgar Street.

The trial judge found that the injury sustained did not arise out of *or* [sic] in the course of claimant's employment. The order denying compensation was affirmed by a review panel and sustained by the Court of Appeals. The latter was of the view that *Thomas v. Keith Hensel Optical Labs*[2] controlled this case. We granted certiorari to reconcile *Thomas* with our prior pronouncement in *Swanson v. General Paint Co.*[3]

▪ The Worker's Compensation Act [Act] allows benefits only for injuries resulting from activity that both "arises out of" and "in the course of" employment.[4] A determination that an injury "arises out of" contemplates a causal relationship between the act engaged in at the time injury occurs and the requirements of employment, while a determination that the injury occurred "in the course of" employment relates to the time, place or circumstances under which the injury is sustained.[5] The claimant's injury took place in the public street that separates her office and her employer-provided parking space as she was leaving for lunch. Generally, injuries sustained while going to and coming from work, when occurring on employer premises, are deemed to have arisen out of and in the course of employment.[6] This rule is limited by the requirement of a causal connection between injury and employment.[7] Thus the arising-out-of-employment requirement necessitates an evaluation of whether the

---

1. It is undisputed that the accident occurred, and claimant's car was parked, on the campus premises. The claim appears to have been submitted on this theory. In her certiorari petition and brief claimant refers to the parking area in terms of "employer provided" and "employer furnished". This fact was duly noted by the Court of Appeals in its opinion herein. At *no* stage of the case has the employer sought to refute that at the time of her injury claimant's car was parked in an area provided for employees' vehicles. A fact conceded in the briefs may be treated as supplementing the record. *Ramer v. State*, Okl., 302 P.2d 139, 140 [1956]; *Greenwood v. Lyles & Buckner, Inc.*, Okl., 329 P.2d 1063, 1067 [1958].

2. Okl., 653 P.2d 201 [1982].

3. Okl., 361 P.2d 842 [1961].

4. 85 O.S. 1981 § 11.

5. *R.J. Allison v. Boling*, 192 Okl. 213, 134 P.2d 980, 982 [1943]; *Hegwood v. Pittman*, 471 P.2d 888, 891 [Okl.1970]; *Thomas v. Keith Hensel Optical Labs*, supra note 2 at 202.

6. *Max E. Landry, Inc. v. Treadway*, Okl., 421 P.2d 829, 831 [1966]; *Thomas v. Keith Hensel Optical Labs*, supra note 2 at 203.

7. *Belscot Family Center v. Sapcut*, Okl., 509 P.2d 905, 907 [1973]; *Thomas v. Keith Hensel Optical Labs*, supra note 2 at 203.

claimant's presence in the street when leaving for a regular lunch break was causally connected to the duties of her employment.[8]

In *Thomas* the claimant left five minutes early for lunch to clear ice from his car windows. He sustained an injury when he slipped and fell on the ice.[9] The record revealed that the claimant was neither specifically told to do this nor forbidden from doing it by his employer.[10] We recognized that conflicting inferences could have been drawn from undisputed facts. It was reasonable to infer that claimant's presence in the parking lot was either to accommodate his own need, personal convenience and comfort or to comply with the employer's direction that shortened the lunch time to one-half hour. On certiorari we reinstated the order denying compensation because on nonjurisdictional issues this court must accept as binding the trial tribunal's findings of fact which are supported by competent evidence.[11] There was competent evidence from which the trial tribunal could infer that the claimant's on-the-premises errand was in furtherance of some personal purpose and hence the injury did not arise out of his employment. In *Thomas,* the icy condition upon the parking lot, which caused the claimant to slip and fall, was not an employer-created hazard.

■ In *Swanson* the employer acquiesced in the employees' use of a landlord-provided parking lot.[12] This court held the parking area constituted a part of the employer's premises within the meaning of the Act. When an employee must of necessity cross a public highway which is a special hazard, fatal injuries sustained on the crossing arise out of and in the course of his employment.[13]

■ The case at bar is clearly governed by the rule in *Swanson.* The facts are undisputed that the claimant was taking a regular lunch break, and that, as a matter of necessity, she had to cross Felgar Street in order to reach her car parked in an employer-provided area. She was subject to the special hazard of traffic in the street whenever she crossed it while coming to and going from work. The injuries received were clearly the result of activity arising out of and in the course of her employment. Absent unusual circumstances, such as those present in *Thomas,* a worker is not deemed to be without the scope of his employment while he is proceeding, during a regular lunch break, to his car that is parked in the employer-provided parking lot.[14]

The employer urges that *Hegwood v. Pittman,*[15] and *Novak v. McAlister*[16] are controlling here. Both cases are clearly distinguishable.

In *Hegwood,* the claimant, a cafeteria worker, left work without permission in order to turn her car lights off. The car was parked on a public street and she was injured outside of her employer's premises.[17] Since she was acting on a personal mission she was denied compensation.

In *Novak,* the injury was sustained upon claimant's return from lunch. She fell in a public street immediately after alighting from an automobile. The fall was caused

---

8. *Thomas v. Keith Hensel Optical Labs,* supra note 2 at 203. Because she had to attend a seminar that morning, the claimant, when injured, was leaving for lunch one hour later than normal. The delay does not affect her claim. She was admittedly allowed a lunch break during her work day.

9. *Thomas v. Keith Hensel Optical Labs,* supra note 2 at 203.

10. *Thomas v. Keith Hensel Optical Labs,* supra note 2 at 203.

11. *Thomas v. Keith Hensel Optical Labs,* supra note 2 at 203.

12. *Swanson v. General Paint Company,* supra note 3 at 844.

13. *Swanson v. General Paint Company,* supra note 3 at 845.

14. *Swanson v. General Paint Company,* supra note 3.

15. Supra note 5.

16. Okl., 301 P.2d 234 [1956].

17. *Hegwood v. Pittman,* supra note 5 at 890.

**152**

by loose gravel left by city street workers directly in front of the entrance to the building where she worked. The court held that the claimant did not come within any exception to the general rule that an injury suffered while going to and from the workplace is not one arising out of and in the course of his employment. In the present case, the claimant necessarily had to cross Felgar Street in order to reach her office and return to her car.

On careful review of the record, we find here *no* competent evidence to support the order denying compensation. The opinion of the Court of Appeals and the trial tribunal's decision are accordingly vacated. The claim is remanded for further proceedings not inconsistent with this pronouncement.

IRWIN, LAVENDER, HARGRAVE and WILSON, JJ., concur.

SIMMS, V.C.J., and HODGES, J., concur in result.