CITY OF EDMOND, Petitioner,

v.

Nancy MONDAY and the Workers' Compensation Court, Respondents.

No. 85183.

Supreme Court of Oklahoma.

Nov. 28, 1995.

Rehearing Denied Jan. 18, 1996.

certificates the remedy was not contractual in nature for the purpose of certain statutes).

C. Scott Beuch and Barry R. Davis, Beuch & Davis, Oklahoma City, for Respondents.

Charles G. Braun and Richard J. Goralewicz, Turner, Turner, Braun & Goralewicz, Oklahoma City, for Petitioner.

WATT, Justice:

## PROCEDURAL HISTORY

On May 12, 1994, Respondent, Nancy Monday (claimant), fell over a curb and broke her right hip. She filed a claim for workers' compensation benefits, asserting that the injury was sustained during the course of her employment with petitioner, City of Edmond (employer). Employer alleged that claimant was on a purely personal mission at the time she was injured and, therefore, her injury was not compensable.

The Workers' Compensation Court, the Honorable Mary A. Black, Judge, held that claimant's injury arose out of and in the course of her employment. The court found claimant was temporarily totally disabled from May 12, 1994, to May 30, 1994, and reserved for future hearing the determination of whether claimant sustained any permanent disability. A three judge panel affirmed the trial court's order, holding that it was not against the clear weight of the evidence or contrary to law.[1] The Court of Appeals vacated the order on appeal, concluding that claimant had abandoned her employment-related purpose at the time she was injured. This Court granted claimant's petition for writ of certiorari on September 25, 1995.

---

1. Title 85 O.S.Supp.1993 § 3.6(A) provides that the Workers' Compensation Court sitting en banc (three judge panel) may reverse or modify the decision of a trial court "only if it determines that such decision was against the clear weight of the evidence or contrary to law."

## ISSUE

The issue to be decided in this proceeding is whether the Court of Appeals erred in vacating the order of the Workers' Compensation Court. Although the record presented a close question of fact for the trial court, we conclude that there exists competent evidence to support the trial court's order. Accordingly we vacate the opinion of the Court of Appeals and sustain the order of the Workers' Compensation Court.

## DISCUSSION

For an accidental personal injury to be compensable under the Workers' Compensation Act, 85 O.S.1991 § 1, *et seq.,* it must have arisen out of and in the course of the worker's employment. *Matter of Death of May,* 586 P.2d 738, 740 (Okla.1978); 85 O.S.Supp.1993 § 11. "Whether an injury does arise out of and in the course of a claimant's employment is an issue of fact to be determined by the Workers' Compensation Court, and it is not to be determined on review proceedings by this Court or the Court of Appeals where there is *any competent evidence* to support the order subject to review." *Stiles v. Okla. Tax Comm'n,* 752 P.2d 800, 802 (Okla.1987) (emphasis in original, citations omitted).

> Under [the any-competent-evidence test] our responsibility simply is to canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies but *only* for the purpose of ascertaining whether the tribunal's decision is supported by competent evidence. By force of [85 O.S.1981] § 26 [2], *all* findings of fact made in the trial tribunal's decision under review are conclusive and binding unless they have been ascertained to lack support in competent evidence. It is only in the absence of such support that a trial tribunal's decision may be reviewed as erroneous *as a matter of law* and hence subject to appellate vacation.

*Parks v. Norman Mun. Hosp.,* 684 P.2d 548, 552 (Okla.1984) (emphasis in original, citations omitted). With these directives in mind, we review the record in the present case to determine whether the trial court's order is supported by any competent evidence.

The record reveals that claimant was employed by the City of Edmond in its Downtown Community Center offices. Claimant testified that one of her work-related duties was to pick up and deliver interoffice mail to and from Edmond's Administrative Building, located approximately one block away from claimant's office. Claimant estimated that she picked up and delivered the mail about 90% of the time, while a co-employee, Pam, took care of the mail the rest of the time. Claimant's supervisor concurred that claimant took care of the mail "fairly frequently."

As per written policy, all city employees are given a fifteen minute break, workload permitting, each morning and afternoon. Claimant testified that it was her habit to take a walk every morning while on her break. It was during her morning break that claimant incorporated her duty of checking the mail. During her break on the morning of May 12, 1994, claimant stated that she left for her walk with the intention of securing the mail at the Administration Building and returning to her office. During her walk, claimant "on the spur of the moment" made a temporary deviation of approximately one block from her normal route and went into a grocery store to purchase what would later be her lunch. She then continued her walk toward the Administration Building to check the mail. Upon arriving at the intersection across the street from the Administration Building, claimant decided to return to her office to ascertain whether Pam had already gotten the mail and to see if there were any memos that claimant needed to answer and return to the Administration Building. When she crossed the street to return to her office, claimant fell on a curb and fractured her hip.

---

**2.** Title 85 O.S.1991 § 26(B) states in relevant part, "The decision of the [Workers' Compensation] Court shall be final as to all questions of fact...." The quoted language is identical to that found in 85 O.S.1981 § 26.

■ The employer argued at trial and on appeal that claimant, having amended her original mission to retrieve mail from the Administration Building, was on a purely personal mission at the time of her accident. We agree with employer that, ordinarily, an injury sustained by an employee while going to and from her employer's premises is not one arising out of and in the course of her employment within the meaning of the Act. *Christian v. Nicor Drilling Co.*, 653 P.2d 185, 186 (Okla.1982); *Fluor Engineers & Contractors, Inc. v. Kessler*, 561 P.2d 72, 74 (Okla.1977). We also agree that "where an employee has substantially deviated from job connected travel for purely personal purposes, injuries received will not normally be compensated...." *Breckenridge v. Bray Lines*, 782 P.2d 909, 910 (Okla.1989). However, exceptions to these general rules have been recognized where the employee, on her way to or from work, is still charged with some duty or task in connection with her employment, *Novak v. McAlister*, 301 P.2d 234, 235 (Okla.1956), or where the employee is engaged in a dual purpose trip. *F.W.A. Drilling Co. v. Ulery*, 512 P.2d 192, 194 (Okla.1973).

■ Whether claimant was still engaged in some job-related activity at the time of her accident was a question of fact to be determined by the trial tribunal. That court, not this one, is charged with the duty of weighing the evidence to determine whether claimant was engaged in a work-related activity or performing a purely personal mission at the time of her accident. As the trier of fact, the Workers' Compensation Court was charged with determining whether there was a causal connection between the conditions under which claimant's mail duties were required to be performed and the resulting injury, *Decker v. Okla. State Univ.*, 766 P.2d 1371, 1374–75 (Okla.1988), whether claimant's injury resulted from a risk reasonably incident to her employment, *id.*, and, in view of the time, place and circumstances, whether claimant's injury occurred while she was doing a duty which she was employed to perform, *Fudge v. Univ. of Okla.*, 673 P.2d 149, 150 (Okla. 1983); *Hegwood v. Pittman*, 471 P.2d 888, 891 (Okla.1970).

This Court does not reweigh the facts to determine where the preponderance lies. Although the record presented a close question of fact, the Workers' Compensation Court found that claimant's injury arose out of and in the course of her employment. In *Fudge, supra.*, this Court held that "[w]hen an employee must of necessity cross a public highway which is a special hazard, ... injuries sustained on the crossing arise out of and in the course of h[er] employment." *Id.*, 673 P.2d at 151. The trial court apparently determined that claimant's journey across the street where she was injured was a requisite of her employment. After canvassing the record, we hold that the trial court's order is supported by competent evidence.

## CONCLUSION

Whether an injury arises out of and in the course of employment is a question of fact for the Workers' Compensation Court. Neither this Court nor the Court of Appeals reweighs the evidence on review, but rather determines whether the trial court's decision is supported by any competent evidence. The trial court here found that claimant's injury arose out of and in the course of covered employment. We find competent evidence in the record to support the order of the trial court.

Certiorari previously granted. The opinion of the Court of Appeals is vacated. The order of the Workers' Compensation Court is sustained.

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, OPALA and SUMMERS, JJ., concur.

SIMMS and HARGRAVE, JJ., dissent.