HARWOOD v. ARDAGH GROUP



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:HARWOOD v. ARDAGH GROUP

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 HARWOOD v. ARDAGH GROUP
2019 OK CIV APP 11
435 P.3d 121
Case Number: 116535
Decided: 07/20/2018
Mandate Issued: 02/13/2019
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2019 OK CIV APP 11, 435 P.3d 121

 

JERRY NEAL HARWOOD, Petitioner,
v.
ARDAGH GROUP, TRAVELERS INDEMNITY COMPANY OF AMERICA, and THE WORKERS' COMPENSATION COMMISSION, Respondents.

PROCEEDING TO REVIEW AN ORDER OF
THE WORKERS' COMPENSATION COMMISSION

AFFIRMED

John L. Harlan, JOHN L. HARLAN & ASSOCIATES, P.C., Sapulpa, Oklahoma, for Petitioner,

John A. McCaleb, FENTON, FENTON, SMITH, RENEAU & MOON, Oklahoma City, Oklahoma, for Respondents.

BRIAN JACK GOREE, VICE-CHIEF JUDGE:

¶1 Petitioner, Jerry Neal Harwood (Claimant), seeks review of the order of the Workers' Compensation Commission (Commission) which affirmed the decision of its administrative law judge (ALJ) finding that Claimant did not sustain a compensable injury. Respondents are Ardagh Group and Travelers Indemnity Company of America (collectively Employer). Claimant sustained his injuries while crossing a public highway next to Employer's place of business after clocking out and leaving work. The Commission denied the claim because the injury did not arise out of the course and scope of employment. We affirm, holding the Commission order is neither missing findings of fact essential to the decision nor affected by any other error of law.

FACTS AND PROCEDURAL BACKGROUND

¶2 Harwood was an employee of Respondent Ardagh Group working at the company's Sapulpa glass plant. The glass plant is located on the west side of Mission Street (Oklahoma Highway 66). On the east side of the highway are two employer-provided parking areas where Respondent directed Claimant to park. These parking lots are either owned or leased by Respondent Ardagh Group. There is a crosswalk on the highway with pedestrian activated overhead lights. At the time of Harwood's injury, the lights were not functioning properly. The Respondent did not own, operate or control the crosswalk on the highway.

¶3 On the night of July 16, 2016, Claimant clocked out at the end of his shift and left the glass plant to go home. While using the crosswalk on the highway which separated the plant from the parking areas Claimant was hit by a motor vehicle and was severely injured.

¶4 On March 23, 2017, a hearing was conducted before an ALJ. The parties stipulated to several facts and Harwood presented four witnesses.

¶5 On August 16, 2017, the ALJ issued her order denying compensability finding:

[Harwood's] injury sustained in a common area adjacent to the Respondent's place of business after he had clocked out, was not an injury arising out of the course and scope of employment within the meaning of the Administrative Workers' Compensation Act. Any injury sustained by the Claimant when struck by the motor vehicle while on the public roadway which the Respondent did not own, operate or control was excluded from the definition of course and scope of employment found in 85A O.S., § 2(13) and from the definition of compensable injury set forth in 85A O.S., § 2(9).

¶6 On November 3, 2017, the parties conducted oral argument before the Oklahoma Workers' Compensation Commission En Banc and on November 6, 2017, the Commission issued its order affirming the decision of the administrative law judge. It is from this order Harwood appeals.

STANDARD OF REVIEW

¶7 The law in effect at the time of the injury controls both the award of benefits and the appellate standard of review where workers' compensation is concerned. Brown v. Claims Mgmt. Resources, Inc., 2017 OK 13, ¶ 9, 391 P.3d 111. Appellate review of the Commission's order is governed by 85A O.S. § 78, which provides in pertinent part:

C. The judgment, decision or award of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless an action is commenced in the Supreme Court of this state to review the judgment, decision or award within twenty (20) days of being sent to the parties. Any judgment, decision or award made by an administrative law judge shall be stayed until all appeal rights have been waived or exhausted. The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:
1. In violation of constitutional provisions;
2. In excess of the statutory authority or jurisdiction of the Commission;
3. Made on unlawful procedure;
4. Affected by other error of law;
5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;
6. Arbitrary or capricious;
7. Procured by fraud; or
8. Missing findings of fact on issues essential to the decision.

¶8 This standard of review is substantially the same as that provided for the judicial review of final agency decisions in individual proceedings under the Administrative Procedures Act (APA), 75 O.S. 2011 § 322(1). Therefore, we are guided by case law under the APA in understanding its role in appeals from the Commission. On review of an administrative decision, we may only disturb the decision if one of the statutory grounds is shown. Young v. State ex rel. Dep't of Human Servs., 2005 OK CIV APP 58, ¶ 12, 119 P.3d 1279, 1284.

¶9 Harwood's assignments of errors raise questions of law. He challenges the Commission's interpretation of the statute at issue herein. Statutory interpretation presents a question of law which we review under a de novo standard. Such review is plenary, independent, and non-deferential. State ex rel. Protective Health Servs. State Dep't of Health v. Vaughn, 2009 OK 61, ¶ 9, 222 P.3d 1058, 1064. Specifically, Harwood argues there are findings of facts not included in the Commission's order that are essential to properly construe 85A O.S. § 2(13), and it should have found the injury was compensable within the meaning of the Administrative Workers' Compensation Act (AWCA) 85A O.S. § 1 et seq. Whether findings essential to a decision are in fact missing from an agency order presents a question of law. Gillispie v. Estes Exp. Lines, Inc., 2015 OK CIV APP 93, ¶ 18, 361 P.3d 543, 549.

ANALYSIS

¶10 The Commission denied Harwood's claim for compensation finding the injury did not arise out of the course and scope of employment as defined in 85A O.S. § 2(13). Pursuant to the AWCA, a claim must arise out of the course and scope of employment to be a compensable injury. 85A O.S. § 2(9)(a).

¶11 The issue in this matter concerns the interpretation and application of the definition of "[c]ourse and scope of employment." 85A O.S. § (2)(13). Harwood argues that existing judicial decisions interpreting provisions of the since-repealed Workers' Compensation Act support the proposition that Harwood's claim did arise out of the course and scope of employment.[1] However, in the AWCA "[c]ourse and scope of employment" is now specifically defined in § 2(13), which provides in pertinent part:

13. "Course and scope of employment" means an activity of any kind or character for which the employee was hired and that relates to and derives from the work, business, trade or profession of an employer, and is performed by an employee in the furtherance of the affairs or business of an employer. The term includes activities conducted on the premises of an employer or at other locations designated by an employer and travel by an employee in furtherance of the affairs of an employer that is specifically directed by the employer. This term does not include:

***

c. any injury occurring in a parking lot or other common area adjacent to an employer's place of business before the employee clocks in or otherwise begins work for the employer or after the employee clocks out or otherwise stops work for the employer[2]

¶12 Where the language of a statute is plain and unambiguous, and its meaning clear and no occasion exists for the application of rules of construction, the statute will be accorded the meaning as expressed by the language therein employed. Cave Springs Pub. Sch. Dist. I-30, of Adair Cty. v. Blair, 1980 OK 103, ¶ 4, 613 P.2d 1046, 1048.

¶13 The Oklahoma Supreme Court addressed the AWCA's definition of "[c]ourse and scope of employment" and whether the exception in § 2(13)(c) applies in Legard-Bober v. Oklahoma State University, 2016 OK 78, 378 P.3d 562 and Brown v. Claims Management Resources Inc., 2017 OK 13, 391 P.3d 111.

¶14 In Bober, the employee sustained an injury in the employer-owned parking lot before clocking in to work. Bober, 2016 OK 78, ¶ 2. The Oklahoma Supreme Court in reviewing the matter defined "adjacent" as used in § 2(13)(c) in the ordinary sense of the word and determined the parking lot and sidewalk were not adjacent common areas because the parking lot and sidewalk constituted the employer's premises. Id. at ¶¶ 9, 11.

¶15 In Brown, the employee sustained an injury while descending stairs in the employer-owned building after clocking out. Brown, 2017 OK 13, ¶¶ 1, 16. The Commission denied compensability and the Court of Civil Appeals affirmed determining the stairwell constituted a common area adjacent to the employer's place of business. Id. at ¶¶ 4, 7. However, on review, the Oklahoma Supreme Court in Brown determined that the Commission's order was not supported by substantial evidence. Id. at ¶ 16. Because the record demonstrated the employer owned the building, the Court likewise did not apply the exception in § 2(13)(c) because the stairwell, as part of the building, was not a common area adjacent to an employer's place of business but was actually the employer's premises. Id. at ¶¶ 16-18.

¶16 The exception in § 2(13)(c) only applies once the employee leaves the employer's premises. Bober, 2016 OK 78, ¶ 9, 378 P.3d 562 and Brown, 2017 OK 13, ¶ 17, 391 P.3d 111. In the case at hand, the Commission concluded the exception applied and denied compensation.

¶17 Claimant argues the Commission order is missing findings of fact essential to the decision. Section 72(A)(4) requires that ALJs "make specific, on-the-record findings of ultimate facts responsive to the issues shaped by the evidence as well as conclusions of law on which its judgment is to be rested." In its order affirming the ALJ's decision, the Commission made no additional findings beyond those in the ALJ's order. We therefore review the ALJ decision as the order of the Commission.

¶18 The ALJ decision included the following findings:

Essential facts are not disputed. On JULY 16, 2016, the Claimant left his place of business at the Respondent's glass plant at the end of his shift, after clocking out, to travel home. While walking in a crosswalk across the public roadway which separated the plant from the Respondent's parking lot where the Claimant had parked, he was struck by a motor vehicle and severely injured. The parking lot was where the Claimant was directed to park. It was owned or leased, and maintained, by the Respondent. The respondent did not own, operate or control the crosswalk or the public roadway on which the injury occurred.

¶19 Claimant argues the ALJ erred by excluding from her order certain facts that were presented at the hearing.[3] At the hearing, Claimant presented at least some testimony which the ALJ concluded was not material to the determination of whether the claim arose out of the course and scope of employment. The ALJ as the trier of fact is responsible for determining the credibility of witnesses and the effect and weight to be given to their testimony. Yocum v. Greenbriar Nursing Home, 2005 OK 27, ¶ 8, 130 P.3d 213. The ALJ gave little weight, if any, to testimony not relevant in the disposition of this matter.

¶20 The parties stipulated to the facts that the ALJ relied on in determining that Claimant's injury was not compensable. The record demonstrates that on July 16, 2016, the Claimant clocked out and left his employer's place of business to travel home. While walking in the crosswalk on a public highway between the glass plant and employer-provided parking lot, Claimant was struck by a motor vehicle and severely injured. Claimant was directed to park in the employer-provided parking lots on the east side of the highway. The crosswalk was not owned, operated or controlled by Respondent Ardagh Group.

¶21 The parties agree that Harwood had clocked out when he was injured in the crosswalk while crossing the highway. Excepted from the definition of "course and scope of employment" is "any injury occurring in a . . . common area adjacent to an employer's place of business . . . after the employee clocks out or otherwise stops work for the employer". The language is plain and unambiguous; adjacent means lying near or close to, but not necessarily touching, not distant, nearby, or having a common endpoint or border. Bober, 2016 OK 78, ¶ 9, 378 OK 562, 565 (internal quotation marks omitted). "Common" is defined as "[a] legal right to use another person's property, such as an easement, . . . [a] tract of land set aside for the general public's use." Black's Law Dictionary (10th ed. 2014). The plain meaning of the statute's language is conclusive as to legislative intent. See Bober, 2016 OK 78, ¶ 11, 378 P.3d 562, 565. Harwood's injury occurred in the crosswalk of a public highway which was directly east of the glass plant where Harwood worked. The crosswalk on the highway was not the employer's premises but was instead a common area adjacent to the employer's place of business.

¶22 The order is supported by findings of fact essential to the decision and is not affected by any other error of law. The Commission's order is AFFIRMED.

SWINTON, P.J., and MITCHELL, J., concur.

FOOTNOTES

[1] Harwood incorrectly relies on judicial interpretation of a repealed statute, 85 O.S. § 11, in Swanson v. General Paint Company, 1961 OK 70, 361 P.2d 842 and Fudge v. University of Oklahoma, 1983 OK 67, 673 P.2d 149. Relying on judicial construction of prior statutes in Swanson and Fudge to determine whether an injury arose in the course and scope of employment in this case is inappropriate. By adopting the definition of "course and scope of employment," the legislature intended to repudiate the previous judicial interpretations. See Special Indemnity Fund v. Figgins, 1992 OK 59, 831 P.2d 1379.

[2] While this appeal was pending, the Oklahoma Supreme Court decided Pina v. American Piping Inspection, 2018 OK 40, P.3d . Pina is distinguishable from the case at hand. Whether an injury occurs on the employer's premises is relevant when applying the exception in § 2(13)(c). Bober, 2016 OK 78, ¶ 9, and Brown, 2017 OK ¶ 17. The Court in Pina did not consider the exception in § 2(13)(c) because it did not apply.

[3] Among those facts Claimant argues that the Commission needed to include: (1) Employer instructed employees to use the crosswalk when crossing the street to get to the parking lot; (2) the crosswalk was not well illuminated on the night of July 16, 2016, making it extremely dangerous; (3) Employer created a walkway from the parking lot to the crosswalk and from the crosswalk to the plant doors; (4) the safety manager asked for police to be present at the crosswalk during the shift changes and that it was unsure whether police would be able to be present to cover the period of time; (5) police were needed for a 30 minute period to allow for "hot end" employees to take showers after working; (6) the night before the injury a supervisor saw the crosswalk as a dangerous situation and used flashlights or strobe lights to draw attention to the area; (7) the plant manager testified at the deposition but later repudiated at trial that the Employer had a duty/responsibility to make the crosswalk safe; (8) the supervisor emailed management to notify them of the crosswalk not functioning properly.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2005 OK CIV APP 58, 119 P.3d 1279, YOUNG v. STATE ex rel. DEPT. OF HUMAN SERVICES
Discussed
 2015 OK CIV APP 93, 361 P.3d 543, GILLISPIE v. ESTES EXPRESS LINES, INC.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1992 OK 59, 831 P.2d 1379, 63 OBJ 1377, Special Indem. Fund v. Figgins
Discussed
 1961 OK 70, 361 P.2d 842, SWANSON v. GENERAL PAINT COMPANY
Discussed
 2005 OK 27, 130 P.3d 213, YOCUM v. GREENBRIAR NURSING HOME
Discussed
 2009 OK 61, 222 P.3d 1058, STATE ex rel. PROTECTIVE HEALTH SERVICES STATE DEPT. OF HEALTH v. VAUGHN
Discussed
 2016 OK 78, 378 P.3d 562, BOBER v. OKLAHOMA STATE UNIVERSITY
Discussed at Length
 1980 OK 103, 613 P.2d 1046, Cave Springs Public School Dist. I 30, of Adair County v. Blair
Discussed
 2017 OK 13, 391 P.3d 111, BROWN v. CLAIMS MANAGEMENT RESOURCES INC.
Discussed at Length
 2018 OK 40, 419 P.3d 231, PINA v. AMERICAN PIPING INSPECTION
Cited
 1983 OK 67, 673 P.2d 149, Fudge v. University of Oklahoma
Discussed
Title 75. Statutes and Reports
 Cite
Name
Level

 75 O.S. 322, Setting Aside, Modifying, or Reversing of Orders - Remand - Affirmance
Cited
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 11, Repealed
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 1, Short Title
Cited
 85A O.S. 2, Definitions
Discussed at Length
 85A O.S. 78, Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA