CAVE SPRINGS PUBLIC SCHOOL DISTRICT I–30, OF ADAIR COUNTY, Oklahoma, Appellant,

v.

Ladana BLAIR, Appellee.

No. 51470.

Supreme Court of Oklahoma.

July 1, 1980.

---

Jack E. Rider, Stilwell, for appellant.

Bruce Green, Muskogee, for appellee.

IRWIN, Vice Chief Justice.

Plaintiff teacher commenced proceedings against the school district to require the school district to consider her teaching contract for the 1975–76 school year as renewed for the 1976–77 school year. Plaintiff proceeded on the theory that the school district did not notify her by certified mail prior to April 10, 1976, that her contract would not be renewed and under 70 O.S. 1971, § 6–101(E), her contract was automatically renewed. The trial court rendered judgment for plaintiff and the school district appeals.

The essential facts are: Plaintiff had been hired by the school district under a federal funding program which was essentially a reimbursement program that reimbursed the school district for moneys expended for qualified purposes. Plaintiff taught music for approximately two and one-half years; however, for the last seven months of her 1975–76 contract, the plaintiff was not paid pursuant to any federal program. It was stipulated that Plaintiff had not obtained tenure and that the school district did not notify Plaintiff prior to April 10, 1976 that her teaching contract for the school year 1976–77 would not be renewed. However, on April 19, 1976, Plaintiff was notified that her employment for the school year 1976–77 would depend upon the availability of federal funds and that she would be notified if those funds became available. The school district later discovered the federal funds would not be available. In the prior years that Plaintiff taught for school district she had always been given notice prior to April 10 that the renewal of the contract would depend upon the availability of federal funds. In August of 1976, Plaintiff appeared before the district's Board of Education demanding to be rehired, but was informed that there were no funds available to pay her and her employment was therefore refused. Plaintiff was one of the 23 teachers employed by the school district for the 1975–76 school year, and 23 teachers were employed for the next school year.

70 O.S.1971, § 6–101(E)[1] provides:

"A board of education shall have authority to enter into written contracts with teachers for the ensuing fiscal year prior to the beginning of such year. If, prior to April 10, a board of education has not entered into a written contract with a regularly employed teacher or notified him in writing by registered or certified mail that he will not be employed for the ensuing fiscal year, and if, by April 25, such teacher has not notified the board of education in writing by registered or certified mail that he does not desire to be reemployed in such school district for the ensuing year, such teacher shall be considered as employed on a continuing contract basis and on the same salary schedule used for other teachers in the school district for the ensuing fiscal year, and such employment and continuing contract shall be binding on the teacher and on the school district . . . ."

1. The case at trial was decided prior to the enactment of Okla.Stat. tit. 70, § 6 103.1(A)(3) (Supp.1979).

Since Plaintiff was not properly notified prior to April 10 that her contract would not be renewed, Plaintiff contends her contract was automatically renewed for the 1976–77 school year, and she is entitled to her expectations under that contract.

■ Section 6–101(E) contains no ambiguities. It is written in explicit, mandatory language intended to preserve the rights of both the school district and the teacher. Where the language of a statute is plain and unambiguous, and its meaning clear and no occasion exists for the application of rules of construction, the statute will be accorded the meaning as expressed by the language therein employed. *Seventeen Hundred Peoria, Inc. v. City of Tulsa*, Okl., 422 P.2d 840 (1966); *Forston v. Heisler*, Okl., 363 P.2d 949 (1961).

The school district doesn't challenge the applicability of § 6–101(E) but contends Plaintiff's 1976–77 contract was subject to the availability of federal funds. The school district argues that for the two previous years Plaintiff had been notified that if fund were not available her contract would not be renewed, that the availability of those funds was a part and parcel of her 1974–75 and 1975–76 contract, and of necessity a part of her 1976–77 contract.

Although the record discloses that Plaintiff had been given notice prior to April 10 in each of the two previous years that her contract would not be renewed unless funds were available, her previous contracts were on a regularly printed "Teacher's Contract" form, and contained no contingencies or references to the availability of funds. The previous executed contracts contained no language that they were subject to the availability of federal funds. It was the 1975–76 contract that was entered into between Plaintiff and the school district that shall be considered renewed under § 6–101(E), unless notification of non-renewal was given to her prior to April 10. The fact that the 1975–76 contract would not have been entered into if sufficient funding had not been available is immaterial. Sufficient funding became available, the 1975–76 contract was entered into, and it is that contract that was renewed.

The school district cites a provision in § 6–101(E) and 70 O.S.1973 Supp., § 18–123 as being material to the issue presented.[2] The school district cites no facts or circumstances that would place in operation either proviso.

The school district cites 70 O.S.1971, § 5–117, as giving it discretionary powers in the operation of the school and *Ehret v. School District of Borough of Kulpmont*, 333 Pa. 518, 5 A.2d 188 (1939), to sustain its argument it was not required to renew the plaintiff's contract if funds were not available.

■ Any powers or duties conferred upon boards of education under § 5–117, must be consistent "with the law or rules and regulations of the State Board of Education . . . ." The school district's contention that Plaintiff's 1976–77 contract was not renewed is inconsistent with the statutory law that it would be renewed unless proper notice was given to her prior to April 10 that her contract would not be renewed.

An examination of *Ehret* discloses it has no material bearing on the case at bar. *Ehret* involved the suspension of a teacher because of the closing of a department and a lack of need. We are concerned here with

---

2. The proviso in 70 O.S.1971, § 6–101(E), cited by the school district states:

"Provided that no district or any member of the board of education of a district shall be liable for the payment of compensation to a teacher under the provisions of the teacher's contract for the ensuing year, if it becomes necessary to close the school because of insufficient attendance, disorganization, annexation, consolidation, or by dispensing with the school according to law, provided, such cause is known or action is taken prior to July 1 of such ensuing year."

70 O.S.1973 Supp., § 18–123 states:

"Teachers may be dismissed if a school district has a loss of average daily attendance over the prior year which would reduce state aid to the extent that such district was unable to finance the contract salaries of teachers employed by school districts under the continuing contract law."

the failure of the school district to give proper statutory notice that a teacher's contract would not be renewed.

JUDGMENT AFFIRMED.

All the Justices concur.