Dear Honorable Moss,
The Attorney General has received your request for an official opinion asking, in effect:
 Does a County Board of Equalization have the authority to request a taxpayer to submit information to the Board regarding real and/ or personal property within the county which is owned by the taxpayer, where no protest of valuation of such property has been filed?
Title 68 O.S. 2434 (1981), provides in pertinent part:
 "(a) It shall also be the duty of each taxpayer, upon written request of the County Assessor or the County Board of Equalization of any county, to furnish, under oath, a written statement showing the amount of capital invested in any plant, equipment, stock of mer chandise or material, or any other species of property located in such county, and any other information which may reasonably be deemed necessary to enable the county officials to assess the property of such taxpayer on a fair and just parity with the property of other taxpayers. In any case where such written statement is requested, the taxpayer shall have ten days from receipt of the written request within which to prepare and furnish such statement under oath."
Subparagraph (b) of that section provides that a ten percent penalty may be added to the assessed value of a taxpayer's property where, after notice of such penalty and an opportunity to be heard, the taxpayer fails to provide the information which has been requested.
Where the language of a statute is plain and unambiguous, its meaning is clear and no occasion exists for the application of rules of construction, the statute will be accorded the meaning as expressed by the language therein employed. Hughes Drilling Co. v. Morgan, 648 P.2d 32
(Okla. 1982); Cave Springs Public School District I-30 v. Blair,613 P.2d 1046 (Okla. 1980). The provisions of 68 O.S. 2434 clearly authorize either a County Assessor or a Board of County Equalization to request information regarding capital investments or "any other information" which may reasonably be deemed necessary to enable the county officials to assess property.
It is, therefore, the official opinion of the Attorney General thatpursuant to 68 O.S. 2434 (1981), a County Board of Equalization has theauthority to make a written request to a taxpayer for informationreasonably necessary to enable the Board to assess the property of suchtaxpayer on a fair and just parity with the property of the taxpayers inthe county, where no protest of valuation has been filed.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
SUSAN BRIMER AGOSTA, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, CIVIL DIVISION