Dear Honorable Schuelein,
The Attorney General has received your request for an official opinion asking, in effect:
 Once the budget for the county has been approved by the County Excise Board, can the Board of County Commissioners transfer funds from an account other than the one authorized by the budget, in a situation that is not immediately urgent?
Title 62 O.S. 461 (1981), governs the transfer of money from an appropriation account or department of county government. It states in pertinent part:
 "If additional or supplemental needs exist in any department or appropriation account of a county, school board of education or municipal government as to any item or items of appropriation therefor, that are immediately urgent, and there exists in any other appropriation account or department of the government unexpended and unencumbered balances of appropriations of less immediately urgent need, the duly-constituted head of such department or officer in charge of an account needing additional or supplemental appropriations, shall make a written request for transfer of appropriation balance or any portion thereof to the governing body. The written request for transfer shall set forth such additional or supplemental needs and the occasion for such needs, together with detail of account items and the amount of each item proposed to be canceled, and the written consent of the department head or officer in charge of the account from which the appropriation or any portion thereof is to be canceled. The approval of the request for transfer by the governing body, without other formality, shall effect cancellation of appropriations in the items and amounts less urgently
needed and increase in like total sum to the appropriation accounts or department by items and amounts for such immediately urgent needs." (Emphasis added).
A rule of statutory construction is where the language of a statute is plain and unambiguous, and its meaning clear and no occasion exists for rules of construction, the statute will be accorded the meaning as expressed by language therein employed. Cave Springs Public School Dist.I-30 of Adair County v. Blair, 613 P.2d 1046 (Okla. 1980).
Clearly, under 62 O.S. 461 (1981), any appropriation account or any department of a county can request transfer of money only from one account or department to another account or department when the need is of an "immediately urgent" nature. Such a transfer cannot occur when the need is not "immediately urgent."
If an appropriation account or a department of a county does have a need that is "immediately urgent," and there exists an appropriation account or a department of the county with unencumbered and unexpended balances "of less immediately urgent need," the department with the urgent need can request a transfer of money under 62 O.S. 461 (1981). This statute prescribes a procedure to be used when requesting a transfer of funds.
The request for a transfer of funds shall be in writing, setting forth the additional needs and the occasion for such needs. The request must contain details of account items and the amount of each item proposed to be canceled. In addition, the request must have the written consent of the department head or officer in charge of the account from which the appropriation is to be canceled.
Such a request must be approved by the governing board of the county, the Board of County Commissioners. Approval of the transfer "without other formalit[ies]," shall result in cancellation of the appropriations of the items and accounts of less immediately urgent need and increase the appropriations of the items and accounts of immediately urgent need. Section 62 O.S. 461 further provides that the clerk of the governing body shall notify the clerk of the county excise board, the treasurer, and the department(s) affected by the action, so they may adjust their accounts accordingly.
It is, therefore, the official opinion of the Attorney General that 62O.S. 461 (1981) only permits the transfer of funds from a department orappropriation account of a county when there exists a need that isimmediately urgent and there exists another appropriation account ordepartment of the county with unexpended and unencumbered funds of lessimmediately urgent need.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
RICHARD MILDREN, ASSISTANT ATTORNEY GENERAL