Dear Honorable Smith,
The Attorney General has received your request for an official opinion, asking:
 "If an employee is terminated for cause, is that employee entitled to vacation pay, accrued and unused, at the time of termination?"
Title 40 O.S. 165.3 (1984) states, in part:
 "A. Whenever an employee's employment terminates, the employer shall pay the employee's wages in full, less offsets, at the next regular designated payday established for the pay period in which the work was performed either through the regular pay channels or by certified mail postmarked within the deadlines herein specified if requested by the employee, unless provided otherwise by a collective bargaining agreement that covers the employee." (Emphasis added).
A rule of statutory construction is that "[w]here the language of a statute is plain and unambiguous and its meaning clear and no occasion exists for application of rules of construction, the statute will be accorded the meaning as expressed by the language therein employed." CaveSprings Public School District I-30, of Adair County v. Blair,613 P.2d 1046, 1048 (Okla. 1980).
Clearly, an employee is entitled to be paid that employee's wages in full at the time of termination, less offsets, unless otherwise provided by a collective bargaining agreement that covers the employee. If there is no collective bargaining agreement covering the employee, then the employee is entitled to be paid wages in full, less offsets, at the time of termination.
The question arises concerning the applicability of this statute to an employee "terminated for cause." A rule of statutory construction is that exceptions should not be read into a statute which are not made by the legislative body. Seventeen Hundred Peoria, Inc. v. City of Tulsa,422 P.2d 840 (Okla. 1966); Udall v. Udall, 613 P.2d 742 (Okla. 1980).
We find that the language of 40 O.S. 165.3 (1984) does not contain an exception involving an employee "terminated for cause." Thus, 40 O.S.165.3 (1984) does not provide for a different method of determining wages for an employee terminated and an employee terminated "for cause," unless a collective bargaining agreement covering the employer and employee provides for such a difference.
Wages are defined in 40 O.S. 165.1 (1984). It states, in part:
 "3. `Wages' means compensation owed by an employer to an employee for labor or services rendered, including salaries, commissions, holiday and vacation pay, overtime pay, severance or dismissal pay, bonuses and other similar advantages agreed upon between the employer and the employee, which are earned and due or provided by the employer to his employees in an established policy, whether the amount is determined on a time, task, piece, commission or other basis of calculation." (Emphasis added).
Reading these statutory provisions together, an employee terminated for cause would be entitled to vacation pay agreed upon between the employer and the employee, which are earned and due, or provided by the employer to his/her employees in an established policy at the time of termination. However, such employee would not be entitled to vacation pay if terminated for cause if such a policy is part of a collective bargaining agreement covering the employees.
It is, therefore, the official opinion of the Attorney General thatpursuant to 40 O.S. 165.1, 40 O.S. 165.3 (1984), an employee terminatedfor cause is entitled to vacation pay, agreed upon by the employer andthe employee, which is earned and due or provided by the employer to hisemployees in an established policy at the time of termination unlessprovided otherwise by a collective bargaining agreement that covers theemployees.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
RICHARD MILDREN, ASSISTANT ATTORNEY GENERAL