Dear Honorable Combs,
The Attorney General has received your request for an official opinion asking:
 "In computing the retirement benefits for individuals coming within the purview of 74 O.S. 930.1(B) (1982), should such benefits be calculated by using the $25,000 maximum salary figure set forth in 74 O.S. 902(10) (1982) or the lesser maximum salary figure set forth on the person's retirement date?"
The resolution of your question is controlled by 74 O.S. 930.1(B) (1982) which provides in pertinent part as follows:
 "Retirants who retire prior to July 1, 1981, shall receive benefits computed as of July 1, 1982, in accordance with the formula outlined in paragraph 1 of subsection A of section 915 of this title, except the percent factor of the maximum allowable average compensation in effect the date their employment was terminated with a participating employer shall be applicable." (Emphasis added).
The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute. Jackson v. Independent School District No. 16of Payne County, 648 P.2d 26 (Okla. 1982). Moreover, when the language of the statute is plain, unambiguous, and its meaning clear and no occasion exists for application of rules for construction, the statute will be accorded the meaning as expressed by the language therein employed. CaveSprings Public School District I-30 of Adair County v. Blair, 613 P.2d 1046
(Okla. 1980).
In this instance, the Legislature has plainly and unambiguously provided that the calculation of retirement benefits for individuals coming within the purview of 74 O.S. 930.1(B) (1982) shall be computed "in accordance with the formula outlined in paragraph 1 of subsection A of 74 O.S. 915 of this title, except the percent factor of the maximum allowable average compensation in effect the date their employment was terminated with a participating employer shall be applicable." Title 74O.S. 915(A) (1981) provides that retirants from the Oklahoma Public Employees Retirement System shall receive a retirement benefit equal to 2 percent times the member's final average compensation multiplied by the number of years of credited service.
Pursuant to the controlling statute, 74 O.S. 930.1(B) (1982), retirants' benefits should be computed pursuant to this formula except that the percent factor of the maximum allowable average compensation in effect the date their employment was terminated with a participating employer shall be applicable. See, A.G. Opin. No. 84-110. Consequently, all other variables to be utilized in the formula must be those in effect on the effective date of this statute on July 1, 1982. At that time, 74O.S. 902(10) (1982) was controlling and provided in pertinent part that the maximum salary figure to be utilized in this formula was $25,000 per year.
It is, therefore, the official opinion of the Attorney Generalthat in computing the retirement benefits for individuals comingwithin the purview of 74 O.S. 930.1(B) (1982) such benefits shallbe calculated by using the $25,000 maximum salary figure set forthin 74 O.S. 902(10) (1982).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
JOHN D. ROTHMAN, ASSISTANT ATTORNEY GENERAL