Dear Honorable Pierce,
The Attorney General has received your request for an official opinion asking, in effect:
 May an individual who does not fall within the definition of the term "officer" as defined in 11 O.S. 50-101(6) (1981), but is a participating member of the Oklahoma Police Pension and Retirement System, who is making contributions and on whose behalf contributions are being made by a participating municipality to the System, begin to collect a service pension retirement benefit under the provisions of 11 O.S. 50-114(B) (1981), without first ceasing his or her current employment as a civilian employee of a municipal police department?
In 1980 the Oklahoma Legislature enacted into law a statutory scheme by which all municipal police pension and retirement systems in the State of Oklahoma were consolidated into one uniform statewide system. 11 O.S.50-101 (1981) et seq. Immediately prior to such enactment, the statewide system allowed for municipal consolidation into the state system of those municipal systems that employed twenty (20) police officers or less. 11O.S. 50-304 (1978) (repealed 1980).
The 1978 enactment defined police officer as follows:
 "`Police Officer' shall mean any duly appointed and sworn full-time officer of the regular Police Department of a municipality whose duties are to preserve the public peace, protect life and property, prevent crime, serve warrants, enforce all laws and municipal ordinances of this state, and any political subdivision thereof, and who is authorized to bear arms in the execution of such duties; provided, however, that any person or employee of a regular Police Department of a municipality who is a member of a Police Pension and Retirement System on the effective date of this article shall remain a member thereof subject to all conditions prescribed for membership in the system. . . ." 11 O.S. 50-101(2) (1978). (Emphasis added).
The 1980 definition for " officer " contained at 11 O.S. 50-101(6) (1981) is virtually identical to the above definition of "police officer,'' except that the proviso contained in the above italicized portion has been deleted.
This deletion and A.G.Opin. No. 82-123, which essentially found that only "officers" as defined in 11 O.S. 50-101(6) and 11 O.S. 50-112 (1981) were eligible for participation in the Oklahoma Police Pension and Retirement System, make clear that to become a new member of the System at this date, one must be an "officer" as defined in the above sections. However, civilian employees of municipal police departments, who were participating in a municipal pension system under the 1978 law on the effective date of the new enactment mandating consolidation of such municipal systems, have been administratively allowed to continue their participation in the newly consolidated statewide system.
Your question seeks a determination of whether such civilian employees, in order to receive a pension benefit pursuant to their participation in the System, must first cease their current employment as a civilian employee of a municipal police department. This question comes into clear focus by a citation of 11 O.S. 50-114(A) (1981) which provides:
 "The State Board is hereby authorized to pay out of funds in the System a monthly service pension to any member eligible as hereinafter provided, not exceeding in any event the amount of money in such funds and not exceeding in any event the accrued retirement benefit for such member, except as provided for herein. In order for a member to be eligible for such service pension the following requirements must be complied with:
 "1. The member's service with the police department for any participating municipality must have ceased[.]" (Emphasis added).
Thus, one sees that a member of the System to be eligible for a service pension must have ceased his or her employment with the police department for the participating municipality. In that the word "member" is defined in 11 O.S. 50-101(7) (1981) as "all eligible officers of a participating municipality," it is clear that an "officer" as defined in 11 O.S.50-101(6) (1981) must comply with this requirement. This is mandated by the plain and unambiguous language of the above statutory provisions which leave no room for a contrary interpretation of legislative intent.Cave Springs Public School District I-30 v. Blair, 613 P.2d 1046 (Okla. 1980). The question then becomes: are civilian employees of a municipal police department who are participating in the statewide retirement system, to be treated differently?
In making such a determination, one must keep in mind the cardinal rule of statutory construction that the intention of the Legislature must govern when ascertained. Independent School District No. 89 of OklahomaCounty v. Oklahoma City Federation of Teachers, Local 2309 of theAmerican Federation, 612 P.2d 719,721 (Okla. 1980). Furthermore, one should give a sensible construction to a statute, bearing in mind whatever evil was to be avoided or the remedy to be afforded. AMFTubescope Co. v. Hatchel, 547 P.2d 374, 379 (Okla. 1976). Finally, along this same line, in construing a statute, the Legislature will not be presumed to have intended an absurd result. Id. at 379.
With these principles in mind, it becomes abundantly clear that civilian employees of a municipal police department who were administratively "grandfathered," so to speak, into the statewide system must be treated the same as regular police officers for determination of when a service pension is due under 11 O.S. 50-114(B) (1981). Otherwise, an absurd result would arise. In other words, a system which was set up to provide retirement and disability benefits to police officers cannot be interpreted to provide a more beneficial retirement scheme for civilian employees who would not even be eligible to participate in the System had they not prior to 1978 already been a member of a municipal system or who had begun work with a municipal police department subsequent to January 1, 1981, the effective date of the new statewide Oklahoma Police Pension and Retirement System contained in 11 O.S.50-101 (1981) et seq.
It is, therefore, the official opinion of the Attorney General that anindividual who does not fall within the definition of the term "officer"as defined in 11 O.S. 50-101(6) (1981), but is a participating member ofthe Oklahoma Police Pension and Retirement System, may not begin tocollect a service pension retirement benefit under the provisions of 11O.S. 50-114(B) (1981) without first ceasing his or her employment as acivilian employee of a municipal police department as required by 11O.S. 50-114(A)(1) (1981).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
JOHN GALOWITCH, ASSISTANT ATTORNEY GENERAL