Dear Honorable Terrill,
The Attorney General has received your request for an official opinion asking, in effect:
 Would an individual's prior purchase of bonds issued by a public trust created pursuant to 60 O.S. 176 et seq. (1981), preclude his or her subsequent appointment as a trustee to that authority?
Title 60 O.S. 178.8 (1981) pertains to conflicts of interest of public trustees and provides in pertinent part as follows:
 "A conflict of interest shall be deemed to exist in any contractual relationship in which a trustee of a public trust . . . shall directly or indirectly buy or sell goods or services to, or otherwise contract with such trust. . . .
 "The following types of transactions are exempt from the aforementioned provisions of this section: 1. . . . the purchase of any obligations issued by such public trust. . . ." (Emphasis added).
In A.G. Opin. No. 80-145, the Attorney General held the above-quoted exemption to the general conflict of interest provisions of 60 O.S.178.8 (1981) concerning the purchase of obligations unconstitutional under Okla. Const. Article X, Section 11, which prohibits public officer's interest in public funds. Therefore, we must examine the propriety of the appointment contemplated by your question in light of 60O.S. 178.8 (1981) absent any exemptions.
By making the purchase of any obligations issued by a public trust an exception to the general conflict of interest language, we must assume that the Legislature considered the purchase of a public trust's obligation as a "contract" between a trustee and a public trust within the meaning of 60 O.S. 178.8. The purchase of public obligations by an officer of the public entity issuing such obligations is unquestionably a forbidden pecuniary interest if the purchase coincides with the officer's tenure in office. See, e.g., Salada Beach Public Utility Dist. v.Anderson, 123 P.2d 86 (Cal.App. 1942). Thus, the resolution of your question depends upon whether an individual's having purchased bonds from a public trust before his or her appointment as a trustee of that trust places him outside the prohibitory provisions of 60 O.S. 178.8. Or, stated otherwise, the resolution of your question turns on whether the contract between public trust and a trustee of that public trust must be executed during that trustee's actual tenure on the public trust to constitute a conflict.
The fundamental rule of statutory construction is to ascertain, and if possible, give effect to the intention and purpose of the Legislature as expressed in the statute. Jackson v. Independent School Dist. No. 16,648 P.2d 26, 29 (Okla. 1982). Moreover:
 "Where the language of a statue is plain and unambiguous, and its meaning clear, and no occasion exists for the application of rules of construction, the statute will be accorded the meaning as expressed by the language therein employed." Cave Springs Public School Dist. I-30 of Adair County v. Blair, 613 P.2d 1046,1048 (Okla. 1980).
Title 60 O.S. 178.8 (1981) plainly and unambiguously prohibits only "a trustee of a public trust" from contracting with the public trust. Under the facts of your question, the prospective trustee purchased the bonds issued from the public trust before he will assume the position as a trustee of that public trust. Therefore, he did not "contract" with the public trust at a time when he was "a trustee of a public trust." Consequently, his prior purchase of the public trust's bonds does not generate a conflict of interest prohibited by 60 O.S. 178.8 (1981). The key to this conclusion is that 60 O.S. 178.8 (1981) does not prohibit the status or condition of being a trustee who happens to have a contract with a public trust (i.e., possess bonds issued by the public trust). Rather, it prohibits the act of entering into a contract with a public trust at a time when one is a trustee of that public trust.
Our conclusion that 60 O.S. 178.8 (1981) would not prohibit a trustee's purchase of a public trust's bonds prior to his appointment as a trustee thereto is buttressed by reference to 21 O.S. 344 (1981) which provides as follows:
 "Every public officer, being authorized to sell or lease any property, or make any contract in his official capacity, who voluntarily becomes interested individually in such sale, lease or contract, directly or indirectly, is guilty of a misdemeanor."
The use of the present tense in the verb "becomes" evidences the Legislature's intent that the prohibitory breadth of 21 O.S. 344 (1981) be limited to contracts which are executed at a time when an individual is a public officer. See, A.G. Opin. No. 77-158 (June 21, 1977).
The inapplicability of 60 O.S. 178.8 (1981) does not, however, end our inquiry. Oklahoma Const. Article X, Section 11 provides as follows:
 "The receiving, directly or indirectly, by any officer of the State, or of any county, city, or town, or member or officer of the Legislature, of any interest, profit or perquisites, arising from the use or loan of public funds in his hands, or moneys to be raised through his agency for State, city, town, district or county purposes shall be deemed a felony. Said offense shall be punished as may be prescribed by law, a part of which punishment shall be disqualification to hold office." (Emphasis added).
In discussing the applicability of Okla. Const. Article X, Section 11
to a trustee of a public trust purchasing that public trust's bonds, the Attorney General stated in A.G. Opin. No. 80-145 that:
 "Moreover, a trustee could not lawfully be paid interest by the trust upon such loans, advances or obligations, because such interest would necessarily consist of funds raised through the trust and be paid to the trustee for his personal gain."
The language of A.G. Opin. No. 80-145 is clearly broad enough to include a trustee who purchased the bonds before or after he took office as trustee. Under both fact situations the trustee would be receiving interest on his investment during his tenure in office. As A.G. Opin. No. 80-145 points out, this interest would have to be paid from revenue raised through "his agency," i.e. the trust.
While 60 O.S. 178.8 (1981) and 21 O.S. 344 (1981) appear to apply only to contracts entered into during one's tenure of office, Okla. Const. Article X, Section 11 makes no such distinction. In the case of bonds issued by a public trust no such distinction is warranted. We can perceive of many potential factual scenarios where the trustee's personal interest as a bondholder would be adverse to the trustee's duty as a public officer. The apt words of the United States Supreme Court quoted in A.G. Opin. No. 80-145 are appropriate here. In dealing with a conflict of interest statute similar to Article X, Section 11, the Court in UnitedStates v. Mississippi Valley Generating Co., 364 U.S. 520, 81 S.Ct. 294,5 L.Ed.2d 268 (1961) held:
 "The moral principle upon which the statute is based has its foundation in the Biblical admonition that no man may serve two masters, Matt. 6:24, a maxim which is especially pertinent if one of the masters happens to be economic self-interest." 364 U.S. at 549.
A prospective appointee to the board of trustees of a public trust would have two choices if he or she had purchased bonds or obligations of the same trust prior to appointment. The prospective trustee could decline the appointment or divest himself or herself of the bonds prior to taking office.
It is, therefore, the official opinion of the Attorney General that itwould be a direct violation of Okla. Const. Article X, Section 11 for anindividual to serve as a trustee of a public trust created pursuant to 60O.S. 176 et seq. (1981), if that individual had purchased bonds orobligations of the same trust prior to the time of the trustee'sappointment. A prospective appointee to the board of trustees would eitherhave to decline the appointment or divest himself of the bonds orobligations prior to taking office.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER, ASSISTANT ATTORNEY GENERAL