Dear Representative Cotner,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
1. In view of the prospective nature of 18 O.S. 1144(1987), would a corporation, which owned a recorded interest inreal property prior to the effective date of the statute, butwhich merges, consolidates or changes its name after November 1,1987, be required to comply with the statute?
 2. Would a corporation, which merged, consolidated or changedits name before November 1, 1987, but obtained a recordedinterest in real property after the effective date, be requiredto comply with the statute?
¶ 1 Title 18 O.S. 1144 (1987) which became effective November 1, 1987, provides, in part:
 A. A certified copy of the following documents, as applicable, shall be filed with the county clerk of each county in which a surviving or resulting corporation to a merger or consolidation, or a corporation whose name was changed, has a recorded interest in real property.
* * *
 B. The provisions of this section shall have prospective application only.
¶ 2 A plain reading of the statute reveals the answer to both of your questions. Cave Springs Public School Dist. I-30, ofAdair Co. v. Blair, 613 P.2d 1046 (Okla. 1980). The statute applies directly to the situation outlined in your first question. A corporation which owned a recorded interest in real property prior to the November 1, 1987, effective date, but which merges, consolidates or changes its name after that date, must file the required documents with the county clerk where the property is situated. Following such statutory requirements enables the tracing of the chain of title.
¶ 3 In response to your second question, under both the repealed Business Corporation Act (18 O.S. 1.1 et seq. (1981)), and the newly enacted Oklahoma General Corporation Act (18 O.S.1001 (19871) et seq.; Laws 1986, c. 292, 6, effective November 1, 1986), a merged or consolidated corporation must file with the Secretary of State either an Article, agreement or certificate of merger or consolidation. Similarly, an amended certificate of incorporation must be filed to reflect a corporate name change. Because of its prospective nature, the requirements of 18 O.S.1144 do not apply to a corporation which has merged, consolidated or changed its name prior to the effective date of November 1, 1987. The changed corporate name or corporate identity will be reflected in the recorded title document.
¶ 4 Further, the Oklahoma title examination standards supplement 18 O.S. 1144. Section 9.4 of the 1988 Oklahoma Bar Association's Title Examination Standard Handbook provides:
 Absent the recording of the certificate required by 18 O.S.A. 1144, a recital of identity, contained in a title document of record properly executed, tested and sealed by a corporation whose identity is recited or which recites that it is the successor by merger, corporate change of name, or was formerly known by another name, may be relied upon unless there is some reason disclosed of record to doubt the truth of the recital.
¶ 5 The standard directs the examiner to first look to see if the corporation has filed a certificate required under 18 O.S.1144. If such a certificate has not been filed, then the examiner may rely upon the recital of identity contained in the title document.
¶ 6 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. Title 18 O.S. 1144 (1987) specifically requires acorporation, which owns a recorded interest in real property andmerges, consolidates or changes its name after November 1, 1987,to file the appropriate documents with the county clerk where theproperty is situated.
 2. Conversely, 18 O.S. 1144 does not apply to acorporation which merged, consolidated or changed its name priorto November 1, 1987, and which obtained a recorded interest inreal property after the effective date of the statute.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
RACHEL LAWRENCE-MOR ASSISTANT ATTORNEY GENERAL