Dear Commissioner Osborn,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
May a corporation, not eligible for licensure as an insuranceagent, own stock in a corporation licensed as a limited insurancerepresentative which owns stock in a corporation licensed as afull service insurance agent?
¶ 1 Your question requires a construction of the language employed by the Legislature in the "Insurance Agents Licensing Act" found at 36 O.S. 1421 (1988) et seq. (hereinafter "the Act"). 36 O.S. 1424(B)(1) provides four different types of licenses available under the Act and states, "A partnership or corporation may be licensed as an insurance agent, surplus lines insurance broker, or limited insurance representative or insurance consultant."
¶ 2 36 O.S. 1424(B)(6) within this Act currently provides in pertinent part:
 No partnership or corporation shall be licensed unless the business to be transacted pursuant to the license is the sole purpose of the partnership agreement or Articles of incorporation. No corporation or partnership shall own any stock in or be a partner in any corporation or partnership licensed as an insurance agent pursuant to the provisions of this section except a corporation or partnership which is also licensed as an insurance agent pursuant to the provisions of this section, or which was primarily engaged in insurance agency activities on or before January 1, 1985, and was composed of five or more incorporated insurance agencies licensed in this state or any state with which the Commissioner has executed a reciprocal licensing agreement. Notwithstanding any other provisions of this section, any person, partnership or corporation may own stock in or be a partner in any corporation or partnership licensed pursuant to the provisions of this section as a limited insurance representative.
36 O.S. 1424(B)(6) (1988). (Emphasis added).
¶ 3 The Legislature in 1989, in Senate Bill 13, amended 36O.S. 1424(B)(6) to expand the list of entities that are eligible to own stock in a corporation licensed as an insurance agent. The new language includes a corporation or partnership, "which was principally engaged in the business of insurance on January 1, 1989, and whose principal officers reside within the State of Oklahoma." This legislation shall become effective on November 1, 1989. Thus, while those corporations eligible to own stock in a corporation licensed as an insurance agent have been expanded, this does not impact those eligible to own stock in a corporation licensed as a limited insurance representative. However, this language may be essential to determining what corporations may own stock in a corporation licensed as an insurance agent.
¶ 4 The issue posed by your question involves the restrictions and limitations imposed by the Oklahoma Legislature upon stock ownership of a corporation holding a limited insurance representative license. The fundamental rule of statutory construction, applicable here, is to ascertain and if possible give effect to the intention of the Legislature, as expressed in the statute. Jackson v. Independent School District No. 16 ofPayne County, 648 P.2d 26 (Okla. 1982).
¶ 5 There are two definitions pertinent to answering the question posed. The term "insurance agent" is defined in the Act, at 36 O.S. 1422(3) (1981) as:
 An individual, partnership or corporation appointed by an insurer to solicit applications for a policy of insurance or to negotiate a policy of insurance on its behalf.
¶ 6 The term "limited insurance representative" is defined at36 O.S. 1422(4) as:
 An individual, partnership or corporation who is authorized by the Commissioner to solicit or negotiate contracts for a particular line of insurance as provided in Section 4 of this act, which the Legislature hereby determines does not require the professional competency demanded for an insurance agent's license.
¶ 7 When considering the plain language of the statute itself, we note that "where the language of a statute is plain and unambiguous, and its meaning clear . . . the statute will be accorded the meaning as ex pressed by the language therein employed." Cave Springs Public School District I-30 v. Blair,613 P.2d 1046, 1948 (Okla. 1980). The applicable statute clearly states that, "Notwithstanding any other provisions of this section, any person, partnership or corporation may own stock in or be a partner in any corporation or partnership licensed pursuant to the provisions of this section as a limited insurance representative." Therefore, the plain language of 36 O.S.1424(B)(6) (1988), mandates the conclusion that any corporation, including a corporation not eligible for licensure as an insurance agent, may own stock in a corporation or partnership licensed as a limited insurance representative. Since a limited insurance representative may own stock in a corporation licensed as an insurance agent under the conditions set forth in 36 O.S.1424(B)(6), then a corporation not eligible for licensure as an insurance agent may own stock in that limited insurance representative without violating the statute.
¶ 8 It is, therefore, the official opinion of the AttorneyGeneral that pursuant to 36 O.S. 1424(B)(6) (1988) of theInsurance Agents Licensing Act, a corporation not eligible forlicensure as an insurance agent may own stock in a corporationlicensed as a limited insurance representative, which owns stockin a corporation licensed as an insurance agent.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
GLEN D. HAMMONDS ASSISTANT ATTORNEY GENERAL