Dear Director Arnold,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing the following questions:
1. Absent specific statutory authority, may an agency of theState of Oklahoma enter into a lease with option to purchaseagreement whereby the agency is to acquire title to real propertyat the end of the term of the agreement for nominalconsideration? 2. Do the provisions of 74 O.S. 63 and 74O.S. 94 (1988) sufficiently authorize the Office of PublicAffairs to enter into an agreement as described above whenrequested by, and on behalf of, a state agency that has nospecific statutory authority to obtain title to real property.
¶ 1 In A.G. Opin. No. 88-089, this office found that the Oklahoma Department of Human Services could not enter into a lease purchase agreement for the acquisition of real property unless it was for the purpose of housing its local units. While that opinion dealt only with the Oklahoma Department of Human Services, the opinion was based on 74 O.S. 85.4(G) (1988), which forbids lease purchases in the absence of specific statutory authority. Where a statute is clear and unambiguous, there is no room for statutory construction. Cave Springs PublicSchool District I-30 of Adair County v. Blair, 613 P.2d 1046
(Okla. 1980). As we found in Opinion No. 88-089, this statute is quite clear and, therefore, no state agency may enter a lease with option to purchase real property unless it has been given specific statutory authority to acquire real property.
¶ 2 Your second question asks whether the Office of Public Affairs may enter into a lease purchase agreement for the acquisition of real property on behalf of another state agency where the requisitioning agency has no specific statutory authority to acquire real property. Title 74 O.S. 63 and 74O.S. 94 (1988) make it clear that the Office of Public Affairs is the primary agency in the State of Oklahoma to determine where most state agencies are housed and to enter into contracts on behalf of these agencies for necessary office space. Title 74O.S. 63 (1988) provides, in pertinent part, as follows:
 The Office of Public Affairs shall have charge of the construction, repair, maintenance, insurance, and operation of all buildings owned, used, or occupied by or on behalf of the state including buildings owned by the Oklahoma Capitol Improvement Authority where such services are carried out by contract with said Authority. The Director of Public Affairs shall have authority to purchase all material and perform all other duties necessary in the construction, repair, and maintenance of all such buildings, shall make all necessary contracts by or on behalf of the state for any buildings or rooms rented for the use of the state or any of the offices thereof, and shall have charge of the arrangement and allotment of space in said buildings among the different state officers.
¶ 3 74 O.S. 94 reiterates that the Office of Public Affairs, "shall have full and complete authority to designate quarters for each and every department of state government, and to determine what space shall be allotted[.]"
¶ 4 The Office of Public Affairs is acting much like a "purchasing agent" on behalf of other state agencies, similar to the Purchasing Division of the Office of Public Affairs discussed in A.G. Opin. No. 84-066. When acting as an agent on behalf of another state agency, the Office of Public Affairs may only enter into contracts for property or services which are authorized to be acquired by the agency it represents. Thus, one must look to the power of the requisitioning agency and not to the power of the Office of Public Affairs to determine if a lease purchase agreement is authorized. Therefore, when the Office of Public Affairs is simply acting as an agent to acquire necessary office space under 74 O.S. 63 and 74 O.S. 94 (1988), the Office of Public Affairs may only enter into lease purchase agreements for the acquisition of real property if the requisitioning agency has specific statutory authority to acquire real property. As noted in answer to the first question in this opinion, only agencies with specific statutory authority to make such acquisitions may requisition the Office of Public Affairs for this purpose.
¶ 5 It is, therefore, the official opinion of the AttorneyGeneral that:
1. Pursuant to 74 O.S. 85.4(G) (1988), no state agency mayenter into a lease purchase agreement for the acquisition of realproperty in the absence of specific statutory authority toacquire such real property.
2. Title 74 O.S. 63 and 74 O.S. 94 (1988), do notauthorize the Office of Public Affairs to enter into leasepurchase agreements on behalf of state agencies where therequisitioning state agencies themselves do not possess theauthority to enter into lease purchase agreements for theacquisition of real property.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER ASSISTANT ATTORNEY GENERAL