Dear Representatives, Johnson
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. Are part-time and volunteer physician faculty members ofthe University of Oklahoma College of Medicine, the University ofOklahoma College of Medicine-Tulsa, and the College ofOsteopathic Medicine of Oklahoma State University, considered tobe "employees" covered by the Governmental Tort Claims Act?
 2. Are resident physicians or interns participating ingraduate medical education programs within hospitals which haveaffiliation agreements with the University of Oklahoma College ofMedicine, the University of Oklahoma College of Medicine-Tulsa,or the College of Osteopathic Medicine of Oklahoma StateUniversity immune from liability under the Governmental TortClaims Act?
 3. Do hospitals that provide a facility for use in graduatemedical education programs through affiliation agreements withthe University of Oklahoma College of Medicine, the University ofOklahoma College of Medicine-Tulsa, or the College of OsteopathicMedicine of Oklahoma State University enjoy the protection of theGovernmental Tort Claims Act?
 I. COVERAGE OF PART-TIME AND VOLUNTEER PHYSICIAN FACULTY MEMBERS OF THE UNIVERSITY OF OKLAHOMA COLLEGE OF MEDICINE, THE UNIVERSITY OF OKLAHOMA COLLEGE OF MEDICINE-TULSA, AND THE COLLEGE OF OSTEOPATHIC MEDICINE OF OKLAHOMA STATE UNIVERSITY UNDER THE GOVERNMENTAL TORT CLAIMS ACT.
¶ 1 The Governmental Tort Claims Act (hereafter referred to as the "Act"), 51 O.S. 151 (1991) et seq., was enacted by the Legislature October 1, 1985. It is the sole manner by which recovery may be made against the State for tortious conduct of state employees. Under the Act, the state assumes liability for the tortious conduct of its employees while acting within the scope of their employment. 51 O.S. 153(A) (1991). The Act sets out the definition of "employee" at 51 O.S. 152(5) (1991), which provides:
 "Employee" means any person who is authorized to act in behalf of a political subdivision or the state whether that person is acting on a permanent or temporary basis, with or without being compensated or on a full-time or part-time basis. Employee also includes:
* * * *
 For the purpose of this act, the following are employees of this state, regardless of the place in this state where duties as employees are performed:
a. physicians acting in an administrative capacity,
 b. resident physicians and resident interns participating in a graduate medical education program of the University of Oklahoma Health Sciences Center or the College of Osteopathic Medicine of Oklahoma State University,
 c. faculty members and staff of the University of Oklahoma Health Sciences Center and the College of Osteopathic Medicine of Oklahoma State University, while engaged in teaching duties.
 Physician faculty members and staff of the University of Oklahoma Health Sciences Center and the College of Osteopathic Medicine of Oklahoma State University not acting in an administrative capacity or engaged in teaching duties are not employees or agents of the state. However, in no event shall the state be held liable for the tortious conduct of any physician, resident physician or intern while practicing medicine or providing medical treatment to patients. (Emphasis added).
¶ 2 The fundamental rule of statutory construction is to ascertain, and if possible, give effect to the intention and purpose of the Legislature as expressed in the statute. Jacksonv. Independent School District No. 16, 648 P.2d 26 (Okla. 1982). Where the language of the statute is plain and unambiguous, and its meaning clear and no occasion exists for the application of rules of construction, the statute will be accorded the meaning as expressed by the language therein employed. Cave SpringsPublic School District I-30 v. Blair, 613 P.2d 1046 (Okla. 1980). By interpreting the clear language expressed within the provisions of the Act, each of the questions presented may be answered.
¶ 3 By way of its definition of an "employee," 51 O.S. 152(5) of the Act clearly includes any physician faculty member, whether volunteer or part-time, as an employee of the State so long as he is engaged in teaching duties or acting in an administrative capacity at the time of the alleged tortious conduct. Although51 O.S. 152(5) includes both volunteer and part-time faculty members as employees, it also provides that the State shall not be liable for the tortious conduct of volunteer and part-time physician faculty members while they are practicing medicine or providing medical treatment to patients.
¶ 4 While specifically addressing the state's liability for the medical negligence of physicians, residents and interns, the final sentence of 51 O.S. 152(5), does not affect the issue of whether part-time or volunteer physician faculty members at the University of Oklahoma College of Medicine, the University of Oklahoma College of Medicine-Tulsa, and the College of Osteopathic Medicine of Oklahoma State University (hereafter, collectively referred to as the "Medical Schools"), are "employees" under the Act. Part-time and volunteer physician faculty members of the Medical Schools are employees under 152(5) of the Act so long as they are acting in an administrative capacity or engaged in teaching duties at the time of the alleged tortious conduct. The State is not liable, however, for the tortious conduct of such part-time or volunteer physician faculty members while they are "practicing medicine or providing medical treatment to patients." 51 O.S. 152(5) (1991).
 II. IMMUNITY OF RESIDENT PHYSICIANS AND INTERNS PARTICIPATING IN GRADUATE MEDICAL EDUCATION PROGRAMS WITHIN HOSPITALS HAVING AFFILIATION AGREEMENTS WITH THE MEDICAL SCHOOLS UNDER THE GOVERNMENTAL TORT CLAIMS ACT.
¶ 5 Your second question addresses the issue of whether the resident physicians and interns participating in graduate medical education programs pursuant to affiliation agreements with the Medical Schools are immune from liability under the Act. To resolve this issue, it must be determined whether a resident physician or resident intern is considered an "employee" of the State under the Act.
¶ 6 As outlined above, 51 O.S. 152(5) (1991) specifically provides three categories of physicians which are considered under the Act to be employees of the state, regardless of where they perform their duties. Those three categories consist of physicians acting in an administrative capacity, resident physicians and resident interns participating in a graduate medical education program of the Medical Schools and faculty members and staff of the Medical Schools, while engaged in teaching duties. Thus, under 51 O.S. 152(5) (1991), a resident physician or intern participating in a graduate medical education program at the Medical Schools is an "employee" under the Act.
¶ 7 It next becomes necessary to address whether resident physicians and interns participating in a graduate medical education program are immune from liability under the Act. The final sentence of 51 O.S. 152(5) (1991) states that in no event shall the state be held liable for the tortious conduct of any physician, resident physician or intern while practicing medicine or providing medical treatment to patients. This sentence abrogates any liability on the part of the State for any tortious conduct of any physician, resident physician or intern while practicing medicine or providing medical treatment to patients. Therefore, under 51 O.S. 152(5) (1991), resident physicians and interns participating in a graduate medical education program are "employees" of the State, and would be immune from liability except in those instances where they are practicing medicine or providing medical treatment.
 III. IMMUNITY OF HOSPITALS WHICH PROVIDE A FACILITY FOR GRADUATE MEDICAL EDUCATION PROGRAMS THROUGH AFFILIATION AGREEMENTS WITH THE MEDICAL SCHOOLS.
¶ 8 Your final question addresses the issue of whether hospitals which provide a facility for use in graduate medical education programs pursuant to affiliation agreements with the Medical Schools are immune from liability under the Act. In order to address this question, it is necessary to examine the definition of "state" under the Act. As stated above, under 51O.S. 153(A) of the Act, the state assumes liability for any loss which occurs due to the tortious conduct of its employees while acting within the scope of their employment. The Act defines "state" at 51 O.S. 152(10) (1991), which provides:
 "State" means the State of Oklahoma or any office, department, agency, authority, commission, board, institution, hospital, college, university, or other instrumentality thereof.
¶ 9 In order for a hospital to be included within the definition of "state," that hospital must either be a state hospital or an instrumentality of the state. Whether a hospital which provides a facility for a graduate medical education program through an affiliation agreement is a state hospital or an instrumentality of the state is a question of fact, and may not be addressed in an official opinion of the Attorney General. It may be said, however, that for such a hospital to enjoy any immunity under the Act it must be a state hospital or instrumentality. In the event such a hospital is a state hospital or instrumentality, it would enjoy the limits of liability set forth in 51 O.S. 154 of the Act.
¶ 10 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. Pursuant to 51 O.S. 162(5) (1991), of the GovernmentalTort Claims Act, part-time and volunteer physician facultymembers of the University of Oklahoma College of Medicine, theUniversity of Oklahoma College of Medicine-Tulsa, and the Collegeof Osteopathic Medicine of Oklahoma State University (MedicalSchools) are "employees" under the Act, but the State is notliable for any tortious conduct of a part-time or volunteerphysician faculty member while he is practicing medicine orproviding medical treatment to patients.
 2. Pursuant to 51 O.S. 152(5) (1991) of the Act, residentphysicians and resident interns participating in graduate medicaleducation programs within hospitals which have afflliationagreements with the Medical Schools are "employees" of the State,but the State is not liable for the tortious conduct of aresident physician or resident intern while they are practicingmedicine or providing medical treatment to patients.
 3. Whether a hospital that provides a facility for use in agraduate medical education program has any immunity under the Actrequires a determination of whether the particular hospital is astate hospital or instrumentality. In that such a determinationis a question of fact, it cannot be addressed in an officialopinion of the Attorney General. In the event such a hospital isa state hospital or instrumentality, it would enjoy the limits ofliability set forth in 51 O.S. 154 (1991), of the Act.
SUSAN BRIMER LOVING ATTORNEY GENERAL OF OKLAHOMA
JULIE JONES CORLEY ASSISTANT ATTORNEY GENERAL