Dear Executive Director, Howard
¶ 0 The Attorney General has asked that I respond to your letter asking for an opinion addressing, in effect, the following question:
To what extent does the amendment to 74 O.S. 841.16(D)(1991), codified as 74 O.S. 841.16(D) (1993), affect theMerit Protection Commission's authority to review, investigateand set for hearing allegations of violations of the OklahomaPersonnel Act to the extent that the complaint calls intoquestion an employee's individual service rating?
¶ 1 Your question was precipitated by the 1992 amendments to the Oklahoma Personnel Act (the Act), 74 O.S. 840 et seq.,
specifically, 74 O.S. 841.16(D) (1993), which now reads as follows:
 Any permanent classified employee who disagrees with his or her individual service rating may file a grievance pursuant to Section 74 O.S. 841.9 of this title. Any employee, regardless of status, who is required to be rated pursuant to this section and who disagrees with his or her individual service rating may file a complaint through any other dispute resolution process made available through the employing agency or the Oklahoma Merit Protection Commission. The Oklahoma Merit Protection Commission shall not have jurisdiction to investigate or hear appeals of individual service ratings.
(Emphasis added.)
¶ 2 Your concern is whether the above-referenced amendment affects the authority of the Merit Protection Commission (MPC) to investigate and schedule for hearing cases that may call into question an individual's service rating or involve an individual's service rating when such is not the main issue of the case.
¶ 3 The cardinal rule of statutory construction is to ascertain the intent of the Legislature. Jackson v. Independent SchoolDist. No. 16 of Payne County. 648 P.2d 26 (Okla. 1982). This is done by considering the language of the statute as a whole in light of its general purpose. Wood v. Independent School Dist.No. 141 of Pottawatomie County, 661 P.2d 892 (Okla. 1983). Moreover, when the language of a statute is plain and unambiguous, its meaning clear, and no occasion exists for application of rules of construction, the statute will be accorded the meaning as expressed by language therein. CaveSprings Public School District I-30. of Adair County v. Blair,613 P.2d 1046 (Okla. 1980).
¶ 4 Title 74 O.S. 841.16(D) (1993), addresses instances in which an employee disagrees with his or her service rating. First, the Legislature provided employees with a way to seek redress of their concerns involving their service ratings. These measures include, for permanent classified employees, filing a grievance as provided in 74 O.S. 841.9, or, for any employee, filing a complaint through a dispute resolution process made available through the employing agency or the MPC. Second, and more importantly, the Legislature's use of the language "shall not" is clear indication of its desire to preclude MPC from investigating and hearing appeals of employees service ratings when there is a disagreement. The question thus becomes whether the Legislature intended to preclude the MPC from considering employee service ratings in all instances, including those instances in which consideration of the service rating occurs within the context of an MPC investigation of an alleged violation of the Oklahoma Personnel Act which is within its jurisdiction.
¶ 5 Under general rules of statutory construction "a statute should be given a sensible construction, bearing in mind the evils intended to be avoided or the remedy afforded." AMFTubescope Co. v. Hatchel, 547 P.2d 374, 379 (Okla. 1976). Moreover, in Ledbetter v. Oklahoma Alcoholic Beverage LawsEnforcement Comm., 764 P.2d 172, 179 (Okla. 1988), the Oklahoma Supreme Court stated:
 [S]tatutory construction that would lead to an absurdity must be avoided and a rational construction should be given to a statute if the language fairly permits.
¶ 6 By amending 74 O.S. 841.16 of Title 74, the Legislature provided employees with alternative means by which to challenge their individual service ratings. It clearly removed the MPC from such disagreements. However, the amended statute should not be expanded beyond its setting so as to prohibit all consideration of individual service ratings. Such an interpretation would, in effect, render MPC powerless to act on all claims clearly within its jurisdiction in which an investigation might require the consideration of an individual service rating. Thus, the amendment in 74 O.S. 841.16(D) (1993), must be read in a way that will not do harm to the Oklahoma Personnel Act, especially MPC's investigatory duties as described in 74 O.S. 841.15
(1993).
¶ 7 Title 74 O.S. 841.15 (1993), reads in pertinent part:
 A. Any person who believes that his or her rights under the Oklahoma Personnel Act, Section 840.1 et seq. of this title, have been violated may appeal to the Oklahoma Merit Protection Commission for corrective action.
 B. Excluding the procedures set forth in Section 841.13 of this title, the Executive Director shall conduct preliminary investigations of possible violations of the Oklahoma Personnel Act. The Executive Director shall prepare a report of each such investigation stating the issues and findings of fact. If it is the determination of the Executive Director that a violation of the Oklahoma Personnel Act or the Merit system of personnel Administration Rules may have occurred, the Executive Director shall, within ten (10) calendar days after the date of the report, appoint a hearing examiner to hear the case or refer the case to the Alternative Dispute Resolution Program, as appropriate and provided for by law.
(Emphasis added.)
¶ 8 This statute grants to the Executive Director of MPC broad investigatory authority in instances of alleged violations of the Oklahoma Personnel Act. Therefore, in instances where MPC is considering an employee's service rating during the course of an investigation into an alleged violation of the Oklahoma Personnel Act within its jurisdiction, its action would not be prohibited by 74 O.S. 841.16(D).
¶ 9 You have proffered several examples of alleged violations of the Oklahoma Personnel Act which might also involve an employee's service rating, i.e., failure to rate an employee as required by 74 O.S. 841.16(C); failure to use service rating in promoting, demoting and discharging, 74 O.S. 841.16(C); and discrimination, 74 O.S. 841.10. Each action constitutes a separate and distinct violation of the Oklahoma Personnel Act. However, the mere fact that MPC, pursuant to its investigatory authority, must consider an individual service rating does not deprive MPC of its authority to address the underlying violation.
¶ 10 In reviewing 74 O.S. 841.16(D) and its relationship with other provisions found in the Oklahoma Personnel Act, it is evident that the Legislature did not intend to divest MPC of its authority to consider employee service ratings, should it become appropriate to do so, during the course of an investigation of an alleged violation of the Personnel Act. Of course, the Merit Protection Commission cannot do indirectly that which it cannot do directly. Thus, it cannot investigate and hear appeals of individual service ratings when an allegation of dissatisfaction with a service rating stands alone.
¶ 11 It is, therefore, the official opinion of the AttorneyGeneral that:
Title 74 O.S. 841.16(D) (1993), prevents the MeritProtection Commission from accepting direct appeals of individualservice ratings. However, if an employee files a complaint withthe Merit Protection Commission alleging a violation of theOklahoma Personnel Act, 74 O.S. 841.16(D) (1993) does notprevent the Commission from considering an employee's individualservice rating to the extent that such a consideration becomesappropriate during the course of the Commission's investigation.Of course, the Merit Protection Commission cannot do indirectlythat which it cannot do directly. Thus, it cannot investigate andhear appeals of individual service ratings when an allegation ofdissatisfaction with a service rating stands alone.
SUSAN BRIMER LOVING ATTORNEY GENERAL OF OKLAHOMA
JOSEPH L. McCORMICK ASSISTANT ATTORNEY GENERAL